**Raye S. SKINNER**

v.

**OLD SOUTHERN LIFE INS. CO.**

Civ. A. No. 83–1522.

United States District Court,
W.D. Louisiana,
Alexandria Division.

Oct. 11, 1983.

Robert G. Nida, Gold, Little, Simon, Weems & Bruser, Alexandria, La., for plaintiffs.

David P. Spence, Provosty, Sadler & deLaunay, Alexandria, La., Dana E. Schmaeling, Webb, Crumpton & McGregor, Montgomery, Ala., for defendant.

## RULING

NAUMAN S. SCOTT, Chief Judge.

This action on a medical insurance policy issued by defendant Old Southern Life Insurance Company (Old Southern), an Alabama corporation, to plaintiff Raye S. Skinner was originally filed in the Ninth Judicial District Court, Parish of Rapides, Louisiana, on May 4, 1983. One day prior to filing that petition (May 3, 1983), plaintiff's Alexandria, Louisiana counsel had sent to Old Southern's Claim Manager in Montgomery, Alabama, by certified mail (Return Receipt Requested), a copy of the petition; the postal receipt indicates that this uncon-formed copy was received in Montgomery on May 9, 1983. On June 14, 1983, Old Southern removed this action to our court by filing a removal petition and bond.

The time for filing a removal petition is fixed by 28 U.S.C. § 1446(b), which provides:

"The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, *through service or otherwise,* of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, *through service or otherwise,* of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." (emphasis ours).

Plaintiff has moved to remand the action to State court, alleging that the filing of Old Southern's removal petition on June 14, 1983 was untimely, since it occurred more than thirty days after (1) its statutory agent, the Secretary of State, was served (May 12, 1983); and (2) it received the courtesy copy of the petition which plaintiff's counsel had mailed to Old Southern (May 9, 1983).

## I. SERVICE ON THE SECRETARY OF STATE

While receipt of the petition by the Secretary of State surely accomplished service thereof on Old Southern under State law, § 1446(b) requires actual receipt by the defendant. See *Love v. State Farm Mut. Auto. Ins. Co.,* 542 F.Supp. 65, n. 2 (N.D.Ga. 1982); *Kulbeth v. Woolnought,* 324 F.Supp. 908, 910 (S.D.Tex.1971); *Barber v. Willis,* 246 F.Supp. 814, 815 (N.D.Ga.1965); *Farris*

*v. Youngblood,* 248 F.Supp. 598, 599 (E.D. Tenn.1965); *Kurtz v. Harris,* 245 F.Supp. 752, 754 (S.D.Tex.1965). We therefore agree with defendant, that insofar as plaintiff relies on service upon the Secretary of State, its argument is without merit, for the defendant did not receive a copy of the petition from the Secretary of State until May 16, 1983—28 days before the filing of the removal petition.

## II. RECEIPT OF THE COURTESY. COPY

■ We find the authorities, none of them at the appellate level, are in serious conflict. Were we to adopt plaintiff's contention that receipt of the courtesy copy on May 9, 1983 began a tolling of the thirty day delay for removal and plaintiff chose not to file suit until September 1, 1983, defendant would be compelled to remove the suit before actually knowing that it would be filed. The statute should not be construed as an invitation to such chicanery. We find that the words "receipt by the defendant, through service or otherwise" means receipt by service or some action which is the equivalent of service. This interpretation is supported by *Perimeter Lighting, Inc. v. Karlton,* 456 F.Supp. 355 (N.D.Ga.1978) in which the plaintiff secured a temporary restraining order in State court after a conference or hearing at which a copy of the petition was delivered to defendant. Defendant removed the case although the petition had not been filed (in fact it was never filed). Thereafter, at a hearing in Federal court to determine the jurisdiction plaintiff counsel delivered another petition to defendant which had been filed that same date in State court and differed from the initial petition in that it cited three additional defendants whose presence destroyed diversity jurisdiction. Judge O'Kelly found that delivery of the original petition at which the State court had exercised its powers by enjoining the defendant began the tolling of the thirty day delay for removal and that the contrary holding would effectively "work to defeat the removal statute's purpose." We have no such situation here. The unconformed

petition received by defendant on May 9th was simply a courtesy copy. It was not received through service or any equivalent of service.

■ We find that this issue is controlled by *Love v. State Farm Mut. Auto. Ins. Co.,* 542 F.Supp. 65 (N.D.Ga.1982) which holds in very clear and succinct language as follows:

Prior to 1948, a removal petition was in essence a state court responsive pleading; it was filed in that court within the time permitted to answer a complaint as established by the state's rules of civil practice. In 1948, in an attempt to make the removal procedure more uniform, Congress revised section 1446(b) to provide that the removal petition be filed in federal court "within twenty days after commencement of the action or service of process, whichever is later." 62 Stat. 939 (1948). Under this formulation, of course, the removal period could not begin until service of process had been obtained. A problem arose, however, in those states such as New York which permitted a plaintiff to commence a suit without serving or filing a complaint, merely by serving the defendant with a summons. Under the 1948 version of section 1446(b), in such cases the removal period could expire before a defendant received a copy of the complaint, thus depriving him of an opportunity to remove the action. It was in response to this problem that Congress revised section 1446(b) to permit removal "within twenty [now thirty] days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." See H.R.Rep. No. 352, 81st Cong., 1st Sess., reprinted in [1949] U.S.Code Cong.Serv. 1254, 1268. Thus, the "through service or otherwise" language was intended to expand the removal period in states following the New York Rule. See *Potter,* 186 F.Supp. at 149. It was not intended to diminish the right to removal, by permitting a plaintiff to circumvent the already existing requirement of personal service through informal service. The Court concludes that the removal period set forth in 28

U.S.C. § 1446(b) cannot commence until a plaintiff properly serves defendant with process."

Since defendant in this case had not then received a copy of the petition by delivery which was the equivalent of service, May 16, 1983, the date on which he received the copy served on the Louisiana Secretary of State, was the date on which the tolling of the thirty day delay for removal commenced. For these reasons, plaintiff's Motion to Remand is denied.