Frank **THOMASON** and Marketta **Thomason, Plaintiffs,**

v.

**REPUBLIC INSURANCE COMPANY, Defendant.**

**No. Civ. S–86–0051 RAR.**

United States District Court, E.D. California.

March 19, 1986.

E.R. Williams, Stockton, Cal., for plaintiffs.

Martin M. Eisenberg, San Mateo, Cal., for defendant.

## ORDER

RAMIREZ, District Judge.

On March 10, 1986, the above-entitled matter came on regularly for hearing before the undersigned on plaintiffs' motion for remand to state court. E.R. Williams, Esq., appeared as counsel for plaintiffs, FRANK THOMASON and MARKETTA THOMASON. Martin M. Eisenberg, Esq., appeared as counsel for defendant, REPUBLIC INSURANCE COMPANY. Having read and considered the briefs and arguments presented by respective counsel, the court herein renders the following ruling:

## PROCEDURAL AND FACTUAL BACKGROUND

On October 8, 1985, the original complaint in the underlying action was filed in the Municipal Court of the State of California, County of San Joaquin, Stockton Judicial District, bearing case No. 130085. From said complaint, it appears as follows: a fire caused damage to plaintiffs' residence. Plaintiffs filed a claim for the damage with defendant, their insurer. Alleging that defendant refused to pay them in full for the damage, plaintiffs sued defendant for breach of contract.

Plaintiffs served "the local Stockton agent of defendant" with the summons and complaint on October 8, 1985. It is uncontested that this service of process was improper because "the local Stockton agent" was not authorized to accept service of process for the defendant. Cal.Civ.Proc. Code § 416.10 (West Supp.1986). Since plaintiffs have made no subsequent attempt to properly serve defendant, defendant has never been properly served.[1]

Defendant filed its petition for removal on January 13, 1986 although the petition was not stamped "filed" until January 14, 1986. On February 4, 1986, plaintiffs filed this motion for remand to the state court, arguing that the removal was untimely.

## DISCUSSION

The time within which a removal petition must be filed is set out in 28 U.S.C. § 1446(b). The relevant portion provides:

The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service *or otherwise,* of a copy of the initial pleading setting forth the claim for relief upon which such action is based, or within thirty (30) days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

(emphasis added).

The case law is split in determining when the removal period is triggered for a defendant who receives a copy of the initial pleading before service of process is effectuated. In essence, the split is caused by various courts attempting to define the meaning of the "or otherwise" language in the statute. One line of cases interprets that language to mean that the receipt of the initial pleading *alone* will trigger the removal period. *Tyler v. Prudential Ins. Co. of Am.,* 524 F.Supp. 1211, 1213 (W.D. Pa.1981). The other line of cases interprets the language to mean that proper service of process and receipt of the initial pleading is required to trigger the removal period. *Love v. State Farm Mut. Auto. Ins. Co.,* 542 F.Supp. 65 (N.D.Ga.1982).

### 1. Tyler Interpretation

Plaintiffs in this case rely on *Tyler* to support their argument that defendant's petition for removal was untimely. In *Tyler,* the district court held that defendant's

---

1. In the petition for removal, defense counsel states that he received a copy of the complaint on December 13, 1985. At oral argument, however, defense counsel clarified that statement. Counsel now advises that it was December 13, 1985 when he first received a copy of the insur- ance policy, which he claims was necessary for comprehension of the complaint. In any regard, it is now clear that defense counsel in fact received the complaint at a much earlier date than December 13, 1985.

receipt of a copy of the initial pleading triggers the removal period, even though defendant was not properly served until sometime later. *Tyler*, 524 F.Supp. at 1213. In that case, a copy of plaintiff's petition was sent to defendant, who received it on March 4, 1981. Legal service of process was obtained on April 10, 1981, when defendant accepted service. On May 4, 1981, defendant petitioned to remove the action. In holding the removal petition untimely, the *Tyler* court said, "the time period for removability is controlled by receipt of the initial pleading." *Id.*

*Tyler* appears to be the only case directly addressing this point which holds that receipt of the initial pleading even in the absence of service triggers the removal period. Other cases usually cited for the proposition that the removal period commences when the defendant receives a copy of the initial pleading do not involve receipt of the pleading before service of process. *See* cases cited in *Quick Erectors, Inc. v. Seattle Bronze Corp.*, 524 F.Supp. 351, 354 (E.D.Mo.1981).

If this court follows the rationale of *Tyler*, it would find that defendant's removal petition was untimely. Defendant's counsel received a copy of the initial pleading far more than thirty days before he petitioned for removal.[2]

### 2. Love Interpretation

In *Love*, the court ruled that proper service is a prerequisite to the commencement of the removal period. *Love*, 542 F.Supp. at 67–68. In *Love*, plaintiffs filed their complaint in state court on March 19, 1982. On that same day, their attorney sent a letter to defendant, enclosing a copy of the complaint. The copy of the complaint contained no indication of when, if at all, it had been filed with the state court. Plaintiffs' letter said the complaint had been filed (again, no mention of when), but plaintiffs would not serve defendant in the hope of

settlement. Defendant filed a petition for removal on May 17, 1982. The *Love* court declared that plaintiffs had not properly served defendant, so removal was timely. *Id.*

The legislative history of 28 U.S.C. § 1446(b), the majority view, and a recent trend in case law support the *Love* interpretation.

#### a. Legislative History

The "or otherwise" language was added to the statute in 1949. Before the relevant amendment, the statute read, "within 20 days after commencement of the action or service of process, whichever is later." 62 Stat. 939 (1948). Pursuant to case law interpretation, the removal period could not begin until service of process was properly obtained. *Love*, 542 F.Supp. at 68. A problem arose in those states which allowed a plaintiff to commence a suit without filing a complaint. In such cases the removal period could expire before the defendant received a copy of the complaint. *Id.* Defendant would have to decide whether to petition for removal before knowing what the suit was all about. *Potter v. McCauley*, 186 F.Supp. 146, 148 (D.Md.1960).

Thus, Congress revised § 1446(b) to permit removal "within 30 days after the receipt by defendant, through service or otherwise, of a copy of the initial pleadings." *See* H.R.Rep. No. 352, 81st Cong. 1st Sess., reprinted in [1949] U.S.Code Cong.Serv. 1248, 1254, 1258. This change was intended to expand the removal period in states which allowed plaintiff to commence a suit without filing a complaint. *Love*, 542 F.Supp. at 68. Plaintiff is still required to properly serve defendant. *Id.* The "or otherwise" language pertains only to those states where plaintiff can commence a suit without filing or serving ini-

---

**2.** Defense counsel now claims the initial pleadings were not complete until he received a copy of the insurance policy on or about December 13, 1985. This argument is rejected by the court, however, because defense counsel represented the very same insurance company who issued the policy and who would have had a copy of said policy in its files for immediate review.

tial pleading until sometime later. For those states, the removal period begins whenever defendant receives a copy of the initial pleading. 28 U.S.C. § 1446 note (West 1985) (1949 Act). The "or otherwise" does not mean that receipt of the initial pleading without proper service will trigger the removal period.

### b. Majority View and Recent Trend in Case Law

The *Love* court noted that since the 1949 amendment to 28 U.S.C. § 1446(b), "most district courts confronted with the question of whether service of process is a prerequisite to the commencement of the removal period have decided that it is." *Love*, 542 F.Supp. at 67. *See Quick Erectors, Inc. v. Seattle Bronze Co.*, 524 F.Supp. 351 (E.D. Mo.1981); *Gibbs v. Paley*, 354 F.Supp. 270 (D.P.R.1973); *Moore v. Firedoor Corp.*, 250 F.Supp. 683 (D.Md.1966); *Potter v. McCauley*, 186 F.Supp. 146, 148 (D.Md. 1960); *Rodriguez v. Hearty*, 121 F.Supp. 125 (S.D.Tex.1954). Not only is this the majority view, it is the view adopted in the latest reported decision of *Skinner v. Old Southern Life Ins. Co.*, 572 F.Supp. 811 (W.D.La.1983).

In *Skinner*, the day before plaintiff filed his petition, plaintiff's counsel sent defendant a copy of the petition by certified mail, return receipt requested. Defendant received this unconformed copy on May 9, 1983. Defendant removed the action to federal district court on June 14, 1983. Plaintiff moved for remand, alleging that defendant's removal petition of June 14, 1983 was untimely.

The *Skinner* court found that the receipt of the petition by the Secretary of State accomplished service thereof on defendant under state law. However, defendant did not receive a copy of the petition from the Secretary of State until May 16, 1983—28 days before the filing of the removal petition. The court held that the date on which defendant received a copy from the Secretary of State triggered the removal period, which was the equivalent of service. The unconformed copy received by defendant

on May 9, 1983 was simply a courtesy copy. "It was not received through service or any equivalent of service." *Id.* at 813.

The court ruled that the issue was controlled by *Love*. *Id.* After citing *Love* extensively, the *Skinner* court declared that defendant's removal petition was timely—it was filed within thirty days after the equivalent of service.

### CONCLUSION

■ Having read and considered the rationale as expressed by the various courts in *Tyler* and *Love, supra*, the court finds that the *Love* opinion presents the better and controlling rationale. In the present case, defendant was never properly served nor did it ever receive the equivalent of service. Accordingly, defendant's petition for removal was timely filed.

For the foregoing reasons, and good cause appearing therefor,

IT IS HEREBY ORDERED that plaintiffs' motion for remand is DENIED.

IT IS SO ORDERED.