**NORTH JERSEY SAVINGS & LOAN ASSOCIATION, a mutual association, Plaintiff,**

v.

**FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Defendant.**

Civ. A. No. 88–1144.

United States District Court, D. New Jersey.

July 29, 1988.

Williams, Caliri, Miller & Otley by Darlene J. Pereksta, Wayne, N.J., for plaintiff.

Wolfe, Block, Schorr & Solis–Cohen by Jeffrey S. Saltz, Susan Stryker, Philadelphia, Pa., for defendant.

OPINION

WOLIN, District Judge.

The matter before the Court is an appeal by defendant from an order of a United States Magistrate remanding the instant action to a state court. The magistrate found that removal from the state court was untimely and, therefore, improper. Defendant asserts in support of its appeal:

(1) That an order of remand by a magistrate is subject to review by a federal district judge, and

(2) That the magistrate's order was contrary to law and should be reversed by the district court.

Plaintiff, North Jersey Savings and Loan Association, counters that:

(1) An order of remand to a state court is not reviewable, thus the district court has no jurisdiction to hear defendant's appeal, and

(2) The magistrate's order was not "clearly erroneous or contrary to law" as is required for reversal of a magistrate's decision by a district judge under 28 U.S.C. § 636(b)(1)(A).

For the following reasons, defendant's appeal is denied.

## FACTS AND PROCEDURAL HISTORY

The facts relevant to this appeal are not in dispute. On January 21, 1988 plaintiff's counsel sent a complaint for the instant action to the Law Division of the New Jersey Superior Court. On the same day plaintiff mailed an exact copy of the then unfiled complaint to defendant's attorney. Plaintiff's cover letter sent to defendant's attorney with the "courtesy copy" of the complaint stated that the complaint was being sent to the Superior Court for filing on January 21. The "actual" complaint was marked "filed" in the Superior Court on January 22, 1988. On February 16 service of the same complaint with the "filed" stamp of the Superior Court was made on defendant's attorney. Defendant's attorney signed and returned the Acknowledgment of Service on that date.

On March 11, 1988, forty-eight days after the complaint was filed and twenty-three days after receiving a copy of the stamped complaint, defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1441 *et seq.* Plaintiff then petitioned this Court to remand the action to the state Superior Court for failure to file the petition for removal within thirty days, as required by 28 U.S.C. § 1446(b). Plaintiff asserted that the thirty-day period ran from the date defendant received the "courtesy copy" of the complaint while defendant argued that it ran from his receipt of the stamped copy.

This Court sent plaintiff's petition to a United States Magistrate for disposition. The magistrate granted plaintiff's petition on May 23, 1988, and signed an order remanding the action to the state court. Defendant brought the instant appeal to this Court.

### DISCUSSION

1. *District Court's Jurisdiction to Review a Magistrate's Remand Order.*

The Removal Act, 28 U.S.C. §§ 1446–1451, provides in relevant part:

An order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise.... 28 U.S.C. § 1447(d).

A district court can only remand a case which was removed under § 1446 if it appears to have been removed "improvidently and without jurisdiction" from the state court, § 1447(c); *Thermton Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 342, 96 S.Ct. 584, 588, 46 L.Ed.2d 542 (1976). In the instant case, the magistrate held that the removal was untimely and thus improper. Section 1447 therefore applies, and the question before the court is whether the statutory prohibition on review precludes a district judge from reviewing a magistrate's order of remand.

Under the Magistrates Act, 28 U.S.C. §§ 631–634, a district judge may assign any pretrial motion to a magistrate which is not dispositive. § 636(b). The legislative history of the 1976 amendment to the Mag-

istrates Act clarifies the scope of a magistrate's decision-making authority. H.Rep. No. 1609, 94th Cong., 2d Sess., *reprinted in* 1976 U.S.Code Cong. & Admin.News 6162.

[T]he revision proposed in this bill makes it clear that Congress intends that the magistrate shall have the power to make a determination of *any pretrial matter (except the enumerated dispositive motions)* and that his determination shall be "final" subject only to the ultimate right of review by a judge of the [district] court. *Id.* at 6170. (Emphasis added).

The "enumerated dispositive motions" which are not subject to "final" disposition by a magistrate are:

(1) A motion for injunctive relief;

(2) A motion for judgment on the pleadings;

(3) A motion for summary judgment;

(4) A motion to dismiss or quash an indictment made by the defendant;

(5) A motion to suppress evidence in a criminal case;

(6) A motion to dismiss for failure to state a claim upon which relief can be granted; and

(7) A motion to involuntarily dismiss an action for failure to comply with an order of the court. *Id.* at 6171.

A motion to remand for improper removal is not listed above, and is therefore subject to "final" determination by a magistrate. As noted above, such a "final" determination may be reviewed by the district court. 28 U.S.C. § 636(b)(1)(A). This provision for review would seemingly put the Magistrates Act at odds with the Removal Act's prohibition on review whenever an order for remand is issued by a magistrate. However, section 636(b)(1) of the Magistrates Act provides, *inter alia,* that the district court's ability to review a magistrate's "final" decision of a nondispositive pre-trial motion shall exist "[n]otwithstanding any provision of law to the contrary." This subsection of the Act was enacted *after* the Removal Act,[1] and presumably

---

1. 28 U.S.C. § 636(b) in its current form was

adopted in a 1976 amendment to the Magis-

Congress knew of the Removal Act's prohibition on review when it added this broadly pre-emptive language. Since Congress apparently chose not to exempt the Removal Act from the review provision of § 636(b)(1)(A), this Court concludes that a magistrate's remand order under § 1447 is subject to review by the district court.

### 2. *The Propriety of the Magistrate's Remand Order.*

 Under 28 U.S.C. § 636(b)(1)(A), a district court judge may reconsider the pretrial order of a magistrate upon a showing that the order is "clearly erroneous or contrary to law." Because the facts are not in dispute, this Court's inquiry shall focus only on whether the magistrate's ruling was contrary to law. The Removal Act provides:

> The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. § 1446(b).

In the instant case the magistrate held that the unfiled copy of the complaint which was mailed to defendant's attorney constituted a "copy of the initial pleading" for the purposes of section 1446(b).

Defendant relies upon two cases to show that the magistrate erred as a matter of law. In *Skinner v. Old Southern Life Ins. Co.*, 572 F.Supp. 811 (W.D.La.1983), an "unconformed" copy of the complaint which was mailed to defendant the same day as one was mailed to the clerk for filing was held not to start the running of the thirty-day removal period. The defendant in *Skinner* did not, however, have notice of when or whether the suit would

actually be filed.[2] The instant case differs in that the cover letter that was sent to the defendant's attorney with the copy of the complaint notified him that the plaintiff was simultaneously sending an identical copy of the complaint to the clerk for filing. This was in fact done, and the complaint was in fact filed.

In *Love v. State Farm Mutual Automobile Ins. Co.*, 542 F.Supp. 65 (N.D.Ga.1982), the unfiled copy of the complaint mailed to the defendant was accompanied by a letter stating that the plaintiff had requested a delay in service in the hope that the matter could be resolved amicably. *Id.* at 66. The *Love* court held that this did not constitute an "initial pleading" under § 1446(b). In the instant case, the plaintiff's cover letter explicitly stated that plaintiff "c[ould] no longer wait, however, for 'a status' or any further assurances that something will happen someday in the future [before commencing suit]." Plaintiff's cover letter at 2. The cover letter in the instant action clearly indicated that plaintiff *had sent* a copy of the complaint to the clerk that day for filing. *Id.* at 1. While the *Love* opinion implied that nothing short of proper service of process will trigger the running of the time period for removal in the Northern District of Georgia, the court conceded that the districts are not unanimous on this point. *Love*, 542 F.Supp. at 67 (*citing Tyler v. Prudential Insurance Co.*, 524 F.Supp. 1211, 1213 (W.D.Pa.1981) (holding that receipt of a copy of the complaint will trigger the running of the removal period even if proper service has not yet been effected)). Thus, this Court must look to the law of the District of New Jersey to determine if the magistrate's decision was contrary to law.

The leading case in New Jersey on the running of the remand statute's time period is *Cooperman v. Board of Educ. of Hillside Tp.*, 577 F.Supp. 52 (D.N.J.1983). The *Cooperman* decision includes language indicating that receipt by a defen-

---

trates Act. Pub.L. No. 94–577. The relevant part of the Removal Act, 28 U.S.C. § 1447(d), was added in a 1949 amendment. Act of May 24, 1949, ch. 139, § 84, 63 Stat. 102.

**2.** The complaint in *Skinner* was never filed. *Id.* at 813.

**100**

dant's attorney of copies of a complaint is adequate to begin the statutory period without proper service. While conceding that this language was not necessary to the holding in *Cooperman,* the magistrate adopted this standard, indicating that he believed the District of New Jersey would likewise adopt the standard were it confronted with the situation in the instant case. Transcript of Motion Before the Magistrate at 15 (May 23, 1988). This Court is inclined to fulfill the magistrate's prophecy. An attorney who receives a copy of a complaint, which is not stamped "filed", but is accompanied by a letter which clearly indicates that it has been sent to the court for filing and that the plaintiff intends to go forward with the suit, has been provided with adequate notice that his or her client is being sued. More importantly, the attorney has been provided with a basis upon which to determine if the case is removable. To hold that such notice is rendered inadequate by the mere absence of a stamp would be to value form over substance and could lead attorneys to hesitate before aggressively protecting their client's interests when suits are impending against them.

This Court is further persuaded by notions of comity between the federal and state court systems which dictate that the running of the statutory time limit for removal is to be construed "narrowly and against federal jurisdiction." *Weaver v. Miller Elec. Mfg. Co., Inc.,* 616 F.Supp. 683, 685 (D.Ala.1985); *Ross v. Barrett Centrifugals,* 580 F.Supp. 1510, 1512 (D.Me. 1984). Therefore, given the circumstances of this case, this Court will not disturb the remand.

### CONCLUSION

For all of the aforementioned reasons, defendant's appeal is denied, and this matter is hereby remanded to the state court for further proceedings.