### Karen A. DUCHENE

v.

### PREMIER BANK METRO SOUTH.

No. 4–94–CV–897.

United States District Court,
D. Minnesota,
Fourth Division.

Dec. 2, 1994.

---

**274**

Thomas Morris Neuville, David Ludescher, Neuville Law Office, Northfield, James Yon Prichard, Northfield, for plaintiff Karen A. Duchene.

Paul H. Cady, Felhaber Larson Fenlon & Vogt, Minneapolis, MN, for defendant Premier Bank Metro South, a Nat. Banking Corp. or Ass'n.

## ORDER

ROSENBAUM, District Judge.

This matter is before the Court on plaintiff's motion to remand the case to state court and for an award of attorney's fees and costs, pursuant to 28 U.S.C. § 1447(c). The Court entered an Order to Show Cause, dated November 15, 1994, directing defendant to show why this case should not be remanded to state court based on untimely removal. The defendant has replied to the Court's Order to Show Cause.

■ A review of the file and the parties' submissions indicates that plaintiff served defendant with a Minnesota state summons and complaint, venued in Rice County, on September 9, 1994. Defendant filed its Notice of Removal on October 14, 1994, some 35 days after service. Congress has directed that removal to federal court must be accomplished within 30 days of service of a complaint. *See* 28 U.S.C. § 1446(b) (1994).

Defendant argues that remand is improper since plaintiff merely served, but did not file, the Rice County complaint. The Court rejects this argument. Minnesota law is unusual in that a plaintiff may commence an action by serving the complaint rather than filing it with the Court. In fact, in Minneso-

ta, many cases are never filed. Defendant's argument also ignores the clear language of the removal statute, which states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, *through service or otherwise,* of a copy of the initial pleading[.]

*See* 28 U.S.C. § 1446(b) (1994) (Emphasis supplied). The statute requires removal within 30 days after receipt of the complaint under circumstances such as these.

■ As a secondary argument, defendant asks this Court to construe the Minnesota state complaint as a mere "courtesy copy" which would not commence the running of the 30 day removal period. Defendant cites *Arnold v. Federal Land Bank of Jackson,* 747 F.Supp. 342, 343–44 (N.D.La.1990), *Campbell v. Associated Press,* 223 F.Supp. 151, 153 (E.D.Pa.1963), and *Skinner v. Old Southern Life Insur. Co.,* 572 F.Supp. 811, 813 (W.D.La.1983) in support of its position that a "courtesy copy" of a complaint does not commence the 30 day removal period. This argument is without merit.

Plaintiff served the Minnesota state summons and complaint on defendant. Under Minnesota law, service of a complaint commences an action. *See* Rule 3.01(a) of the Minnesota Rules Civil Procedure. Defendant clearly understood that the complaint was not a "courtesy copy," because it obtained an extension of time to file an answer while the parties were discussing settlement. The Court notes that, while these parties may have agreed to extend the time period to answer the complaint, "the time limitations found in the [removal] statute are to be strictly enforced and are not subject to extension by consent of the parties or order of the court." *First National Bank & Trust Co. v. Nicholas,* 768 F.Supp. 788, 790 (D.Kan. 1991) (citing *Cohen v. Hoard,* 696 F.Supp. 564, 566 (D.Kan.1988)).

Defendant's citations to *Arnold, Campbell,* and *Skinner,* all federal district court cases from Louisiana and Pennsylvania, as authority that a "courtesy copy" does not commence the running of the removal period, are inapposite. In Louisiana and Pennsylvania, like

most states, a case is commenced by filing a complaint, rather than by service.[1]  Therefore, in those states, a copy of the complaint which is provided prior to filing can truly be called a "courtesy copy."[2]  Such is not the case in Minnesota, nor obviously, was it so regarded by the parties.

Based on the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to remand this action to the Rice County District Court is granted.

2. Plaintiff's motion for statutory costs and attorney's fees, pursuant to 28 U.S.C. § 1447(c), is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

1. *See* Rule 303 of the Pennsylvania Rules of Civil Procedure and Article 421 of the Louisiana Code of Civil Procedure.

2. The Court declines to consider here whether a "courtesy copy" is sufficient notice to commence the 30 day period for removal.