**ROSEBUD HOLDING, L.L.C., a New Jersey Limited Liability Company, and Richard S. Greenberg, Plaintiffs,**

v.

**Jeffrey BURKS, Construction Remediation and Maintenance, L.L.C., a Maryland Limited Liability Company, and Environmental Waste Management Associates of Maryland, Inc., a Maryland Corporation, Defendants.**

Civ. No. 97–5563(JCL).

United States District Court, D. New Jersey.

Jan. 15, 1998.

Randal C. Chiocca, Bray, Chiocca, Rappaport & Rothstadt, L.L.C., Parsippany, NJ, for Plaintiffs.

John R. Altieri, Hackensack, NJ, for Defendants.

## OPINION

CHESLER, United States Magistrate Judge.

### I. INTRODUCTION

This matter comes before the Court on the motion of Plaintiff for remand to the New Jersey Superior Court, Law Division. Plaintiff's motion was referred to the undersigned by the Honorable John C. Lifland, U.S.D.J. Oral argument was heard on January 12, 1998. For the reasons set forth below, Plaintiff's motion will be denied.

### II. BACKGROUND

On October 8, 1997, Plaintiffs, Rosebud Holdings, L.L.C. and Richard S. Greenberg, filed a Complaint against Defendant Jeffery Burks in the New Jersey Superior Court, Law Division. Immediately after the Complaint was filed, a copy was sent via facsimile to Robert Bennett, Esq. of the law firm of Condon & Forsyth, the attorneys representing Jeffery Burks in other matters.

At the time the Complaint was faxed to Mr. Bennett, Lawrence B. Seidman, Esq., an attorney representing the Plaintiffs, spoke with Mr. Bennett and inquired whether Condon & Forsyth would agree to accept service of the Complaint. Mr. Bennett informed Mr. Seidman that he would need to consult with Katherine B. Posner, Esq., another attorney associated with Condon & Forsyth.[1]

Shortly after his telephone conference with Mr. Bennett, Mr. Seidman received a letter from Ms. Posner that stated, in pertinent part, that Condon & Forsyth was not authorized to and would not accept service of the Complaint. The letter from Ms. Posner indicated that a copy of same was sent to Mr. Burks.

Mr. Burks subsequently received the Complaint, via certified mail, on October 20, 1997. On November 18, 1997, Defendants removed the action to this Court. Plaintiffs moved to remand the action to the state court on December 10, 1997.

### III. DISCUSSION

Plaintiff argues that removal was improper because the time in which to remove the case had expired. Defendants, however, argue that the case was timely removed because the notice of removal was filed within thirty days of Mr. Burks's receipt of the Complaint. The merits of each argument will be discussed in turn.

#### A. Removal and Remand

Civil actions filed in a state court can generally be removed to a federal court in that state if the district courts of the United States have original jurisdiction.[2] *See* 28 U.S.C. § 1441 (1992). The notice of removal of a civil action must be filed within thirty days after the defendant receives, through service or otherwise, a copy of the pleading that sets forth a removable claim. 28 U.S.C. § 1446(b). Once removed, however, a case may be remanded to the state court if the court determines that it lacks adequate federal subject matter jurisdiction or if the notice of removal was untimely.[3] *See* 28 U.S.C. § 1447(c) (1992).

---

1. Posner is Defendant Burks' sister.

2. Various federal statutes deal with the subject of removal. *See generally* 28 U.S.C. §§ 1441–1452. The general removal statute states in relevant part that:

   (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
   *28 U.S.C. § 1441(a)-(b).*

3. Federal courts have statutory authority to remand removed cases for lack of subject matter jurisdiction. *See generally* 28 U.S.C. § 1447. The federal remand statute states in relevant part that:

   [a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks *subject matter jurisdiction, the case shall be* remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.
   28 U.S.C. § 1447(c).

When faced with a motion to remand, the party who removed the action has the responsibility of establishing the propriety of removal. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir.1992); *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990), *cert. denied* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991); *Steel Valley Authority, v. Union Switch & Signal Div.*, 809 F.2d 1006, 1012 n. 6 (3d Cir.1987), *cert. dismissed,* 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988); *Bishop v. General Motors Corp.*, 925 F.Supp. 294, 297 (D.N.J. 1996). Removal is a statutory right and, therefore, must be construed in favor of the non-removing party. *Id.* Any doubts about the existence of federal jurisdiction must be resolved in favor of remand. *Batoff,* 977 F.2d at 851; *Boyer,* 913 F.2d at 111; *Bishop,* 925 F.Supp. at 297. While the thirty day time period in which to remove is not jurisdictional, it is a strictly applied rule of procedure that may not be extended by the court. *Torres v. AIG Claim Serv., Inc.*, 957 F.Supp. 1271, 1273 (S.D.Fla.1997); *Liebig v. DeJoy,* 814 F.Supp. 1074, 1076 (M.D.Fla.1993).

## B. Timeliness

Plaintiff argues that Burks' time to remove began to run when the copy of the Complaint was faxed to Condon & Forsyth. Plaintiff contends Burks received the Complaint "through service or otherwise" on October 8, 1997, and, therefore, he was on notice of a removable claim from that date. Defendants, however, disagree and argue that because Condon & Forsyth was not permitted to accept service, the time period did not begin to run until Burks received the Complaint on October 20, 1997.

The federal courts are divided over whether the phrase "through service or otherwise" means that delivery of the complaint before service of process has been effected begins the thirty day period for removal. *See Torres,* 957 F.Supp. at 1273. The "service rule" line of cases holds that only proper service upon the defendants triggers the thirty day removal period. *See, e.g., Bullard v. American Airlines, Inc.*, 929 F.Supp. 1284 (W.D.Mo.1996); *City Nat. Bank v. Group Data Serv.*, 908 F.Supp. 896 (N.D.Ala.1995); *Apache Nitrogen Prod., Inc. v. Harbor Ins. Co.*, 145 F.R.D. 674 (D.Ariz.1993); *Marion Corp. v. Lloyds Bank, PLC,* 738 F.Supp. 1377 (S.D.Ala.1990); *Goodyear Tire & Rubber Co. v. Fuji Photo Film Co., Ltd.*, 645 F.Supp. 37 (S.D.Fla.1986); *Hunter v. American Express Travel Related Serv.,* 643 F.Supp. 168 (S.D.Miss.1986); *Thomason v. Republic Ins. Co.*, 630 F.Supp. 331 (E.D.Cal.1986); *Love v. State Farm Mut. Auto. Ins. Co.*, 542 F.Supp. 65 (N.D.Ga.1982). The "receipt rule" line of cases holds that the language "or otherwise" means that perfect service is not required to put the defendants on notice of the possibility of a removable issue. *See, e.g., Tech Hills II Assoc. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 967 (6th Cir.1993); *Walters v. Grow Group, Inc.*, 907 F.Supp. 1030 (S.D.Tex.1995); *Shoemaker v. GAF Corp.*, 814 F.Supp. 495 (W.D.Va.1993); *Kerr v. Holland–America–Line Westours, Inc.*, 794 F.Supp. 207 (E.D.Mich.1992); *Lindley v. DePriest,* 755 F.Supp. 1020 (S.D.Fla.1991); *IMCO USA, Inc. v. Title Ins. Co.*, 729 F.Supp. 1322 (M.D.Fla.1990); *North Jersey Sav. & Loan Ass'n v. Fidelity and Deposit Co.*, 125 F.R.D. 96 (D.N.J.1988); *Tyler v. Prudential Ins. Co.*, 524 F.Supp. 1211 (W.D.Pa.1981). The District of New Jersey is clearly a "receipt rule" jurisdiction. *See North Jersey,* 125 F.R.D. at 98–99.

This district's liberal reading of "through service or otherwise," however, does not come into play in the instant case. The statute provides that "receipt by the defendant, through service or otherwise" starts the thirty day removal period. 28 U.S.C. § 1446(b). There is no evidence in the record of this case to show that Burks had received a copy of the complaint prior to October 20, 1997. Although *North Jersey* stands for the proposition that the thirty day period begins to run when the defendant's attorney receives even a courtesy copy of an unfiled complaint, that case is distinguishable from the present situation. In *North Jersey,* the plaintiff's attorney forwarded a true copy of the then unfiled complaint to defendant's attorney on January 22, 1988. 125 F.R.D. at 97. The actual complaint was filed with the New Jersey Superior Court on January 22, 1988, and was properly served upon defendant's attorney on February 16, 1988. *Id.* On March 11, 1988, over forty days after the complaint was filed and twenty-three days

after being served, defendant removed the action to federal court. *Id.* at 98. Plaintiff moved to remand the action for failure to execute removal within thirty days. *Id.* Plaintiff argued that the thirty day period was triggered when defendant's attorney received a "courtesy copy" of the complaint. *Id.* The court, agreeing with the plaintiff, remanded the action as untimely. *Id.*

The case at bar, however, is factually different from *North Jersey.* In *North Jersey,* the attorney who accepted the courtesy copy of the complaint and who was later served with the filed copy was acting as an agent of the defendant. In the present case, Condon & Forsyth was not retained to represent Burks in this litigation and specifically told Plaintiff that they were not authorized to accept service.[4] The record before the Court shows only that Burks received a copy of the Complaint on October 20, 1997.

This Court refuses to hold that, as a matter of law, the "receipt of a courtesy copy of a complaint by counsel retained by a defendant in one [matter] starts the removal period running in a subsequent litigation at a point when [that] counsel has not been retained by defendant for the subsequent [action]" or is not authorized by the client to accept service. *Torres,* 957 F.Supp. at 1274. The removal statute specifically states that the thirty day removal period is triggered when the defendant *receives* the initial pleading "by service or otherwise." 28 U.S.C. § 1446(b). Because Condon & Forsyth was not authorized to accept service on behalf of Burks, he did not "receive" the pleading until October 20, 1997. Accordingly, the notice of removal dated November 18, 1997, was timely as it was filed within thirty days of service upon Burks.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion to remand this action to the New Jersey Superior Court, Law Division, will be denied. An appropriate order will issue.

---

4. Plaintiff argues that because one of the Condon & Forsyth attorneys was Burks' sister, Burks had "received" the Complaint on October 8, 1997. Burks' sister being an attorney who was aware of the Complaint before it was received by Burks does not change the fact that Condon & Forsyth was not authorized to accept service.