Theresa **MAGLIO**

v.

**F. W. WOOLWORTH COMPANY.**

Civ. A. No. 81–4546.

United States District Court,
E. D. Pennsylvania.

June 15, 1982.

---

**2.** No comment is of course made as to the ultimate sustainability of that claim.

Terry L. Fromson, Louis S. Rulli, Community Legal Services, Philadelphia, Pa., for plaintiff.

Wayne A. Schiable, David C. Toomey, Duane, Morris & Heckscher, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

In this action the plaintiff claims that she was wrongfully discharged from her employment by the defendant, her former employer, in violation of Pennsylvania tort and contract law. Plaintiff brought her complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania in September 1981. On November 5, 1981, defendant filed a petition for removal of the case to the United States District Court for the Eastern District of Pennsylvania, alleging that the federal court has jurisdiction because of the diversity of citizenship between the parties. Presently before the Court is plaintiff's petition to remand to the state court. For the reasons hereinafter set forth, the Court will grant plaintiff's petition and order this case remanded.

Plaintiff claims in her petition to remand that the defendant filed the petition for removal one day beyond the thirty day limit for filing. Under 28 U.S.C. § 1446(b), the petition for removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise," of a copy of a pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable. It is well established that this thirty day period is mandatory and cannot be extended by the Court. *Typh, Inc. v. Typhoon Fence of Pennsylvania, Inc.*, 461 F.Supp. 994, 996 (E.D.Pa. 1978); *Crompton v. Park Ward Motors, Inc.*, 477 F.Supp. 699, 701 (E.D.Pa.1979); *Sun Oil Co. of Pa. v. Pa. Dept. of Labor and Industry*, 365 F.Supp. 1403 (W.D.Pa.1973).

In the present case, C. H. Hulhorst, a personnel director at the defendant corporation, agreed that he would accept service by mail on behalf of the defendant in lieu of personal service by the sheriff. On October 1, 1981, plaintiff mailed to Mr. Hulhorst by certified mail a copy of the plaintiff's complaint, addressed to Mr. Hulhorst at the defendant corporation's office in North Wales, Pennsylvania. The complaint was picked up at the North Wales Post Office by Joseph Plummer, an employee of the defendant whose job it was to pick up the mail, and he signed the certified mail return receipt for the complaint on October 5, 1981, the day he received it. On the following day, October 6, the complaint was received by Mr. Hulhorst in his office. The petition to remove this case was filed on November 5—thirty-one days from October 5 (the day Mr. Plummer signed the certified mail receipt) and thirty days from October 6 (the day Mr. Hulhorst received the complaint).

The issue to be decided is whether the period of thirty days for filing the peti-

tion for removal provided in 28 U.S.C. § 1446(b) commences to run from (a) October 5, the day the defendant's employee picked up the mail and signed the certified mail return receipt for the complaint, or from (b) October 6, the day the complaint was received by Mr. Hulhorst, the defendant's personnel officer.

The language of § 1446(b) is very clear and unambiguous. The thirty day period is to commence from *"the receipt by the defendant, through service or otherwise,"* of a pleading from which it may first be ascertained that the case is removable. This Court agrees with the analysis of this section by Judge Troutman in *International Equity Corp. v. Pepper and Tanner, Inc.,* 323 F.Supp. 1107, 1109 (E.D.Pa.1971), where he stated:

> [F]rom a reading of § 1446(b), in its entirety, it becomes evident that it was the intent of Congress to obtain the earliest possible removal of the action to the Federal Court after *receipt,* by the defendant, of notice of the State proceeding, the nature of it, the issues involved and the parties involved so that, with this information, the defendant can determine the removability of the action. Given the opportunity to thus determine that it is removable, the defendant is obliged to file his petition within thirty days. Legal "service" is not required. The statute reads, "service or otherwise." . . . It is sufficient that the pleading, amended pleading, motion, order or other paper be sufficient that the defendant can, from it, ascertain "that the case is one which is or has become removable."

*See also Tyler v. Prudential Insurance Company of America,* 524 F.Supp. 1211, 1213 (W.D.Pa.1981); *Gottlieb v. Firestone Steel Products Co.,* 524 F.Supp. 1137, 1139 (E.D. Pa.1981).

The defendant here is a corporation, and the facts clearly show that the *defendant* received a copy of the complaint from which it could ascertain that the case is one which is removable, on October 5, when Mr. Plummer, the defendant's employee whose duty it was to pick up the mail, received the complaint and signed the certified mail return receipt.

The statute specifically reads "receipt by the *defendant,*" and the statute clearly does not require service. There is no basis, then, to assume that for purposes of § 1446, "service or otherwise" must have been made upon Mr. Hulhorst personally rather than upon any other responsible employee of the *defendant.* Furthermore, Mr. Plummer was authorized to collect the mail as part of his duties for the defendant. Certainly, if a complaint is to be served on the defendant by mail, Mr. Plummer would be an agent of the defendant corporation authorized to sign the certified mail receipt and thus receive the complaint. Under § 1446(b), the time for removal commences to run when an agent of a corporation receives the complaint. 1A Moore, Federal Practice, 476 (1974). And as Mr. Hulhorst received the complaint the day after Mr. Plummer picked up the complaint at the post office, it cannot be said that Mr. Plummer did not act as a responsible agent.

This Court also notes that § 1446(b) was designed to provide a *"uniform and definite* time for a defendant to remove an action." *Gottlieb, supra* at 1140; *Crompton, supra* at 701. The dated signature on the certified mail return receipt sets a definite point from which to calculate the thirty day period. As a practical matter, to hold that service or otherwise upon the defendant be made only on the officer who has agreed to accept service would set a rule that would make it difficult to ascertain when the thirty day period should commence to run when the pleading is mailed.

Logic dictates and the language and purpose of § 1446(b) compel this Court to find that the thirty day period commenced upon the receipt by Mr. Plummer of the complaint on October 5, 1981. The defendant did not make a timely filing for removal pursuant to § 1446(b), and, therefore, the petition to remand to state court will be granted. An appropriate order will be accordingly entered.

Since this action will be remanded to the Court of Common Pleas, plaintiff's motion

for a stay and protective order will not be addressed by this Court.