**GENERAL BEVERAGE SALES COMPANY, a Wisconsin corporation, Plaintiff,**

v.

**ZONIN S.p.A., a foreign corporation and Francis A. Bonanno, Inc., Defendants.**

**No. 84–C–478–S.**

United States District Court, W.D. Wisconsin.

Aug. 17, 1984.

Erik T. Salveson, Madison, Wis., for plaintiff.

Daniel W. Hildebrand, Steven J. Schooler, Madison, Wis., for defendants.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

This is an action for injunctive and monetary relief under the provisions of the Wisconsin Fair Dealership Law originally commenced by the plaintiff, General Beverage Sales Company, a Wisconsin corporation, against one of the defendants, Zonin S.p.A., a foreign corporation, in the Circuit Court for Dane County, Wisconsin, on March 20, 1984.

A deposition of Francis A. Bonanno, the president and chief operating officer of the subsequently named Francis A. Bonanno, Inc., a foreign corporation, was conducted by counsel for plaintiff in Dayton, Ohio on May 8, 1984. The deposition was attended by Gerald A. Turner, of the law firm of Cross and Turner, who stated he represented "Zonin and Francis A. Bonanno, Inc., who is an indemnifier under an agreement made January 31, 1984 by and between Wine World, Inc. and Francis A. Bonanno, Inc. and Francis A. Bonanno, individually, and Arde Bonanno, individually."

After being advised by counsel for the plaintiff that the complaint was to be amended, naming Francis A. Bonanno, Inc. as an additional defendant, Attorney General A. Turner came to Madison, Wisconsin on May 16, 1984 for the purpose of interviewing and retaining attorneys to represent the defendants Zonin and Bonanno. The record fails to disclose that counsel for plaintiff did other than that which he believed he had done—gave a copy of the amended summons and complaint dated May 16, 1984 to Turner, the attorney for Bonanno, Inc., on May 16, 1984.

During that meeting, Turner also requested copies of the amended summons and complaint be sent to the present attorneys of record for the defendants. On May 17, 1984 counsel for plaintiff, by mail, honored that request. Again there is nothing in the record to indicate that Bonanno's present attorney of record did not so receive the amended summons and complaint on Friday, May 18, 1984. The fact that the present attorney of record for Bonanno on May 21, 1984 filed a notice of appearance on behalf of Bonanno would certainly indicate an earlier receipt of said documents.

On June 19, 1984 the defendants petitioned for removal to this Court.

Plaintiff now moves, pursuant to 28 U.S.C. § 1446(b), to remand, which motion must be granted.

> The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...

28 U.S.C. § 1446(b).

There is no question that where Gerald A. Turner, an attorney at law, was authorized to appear on behalf of the defendant Bonanno at a deposition of its chief operating officer and was further authorized to search for and retain attorneys on behalf

of defendant corporations, he was certainly authorized to receive on behalf of the defendant Bonanno a copy of the summons and complaint, even though he was not required to admit service thereon.

The Court is persuaded to follow the well-reasoned decision in *Maglio v. F.W. Woolworth Co.,* 542 F.Supp. 39 (E.D.Penn. 1982):

> The language of § 1446(b) is very clear and unambiguous. The thirty day period is to commence from *"the receipt by the defendant, through service or otherwise,"* of a pleading from which it may first be ascertained that the case is removable. This Court agrees with the analysis of this section by Judge Troutman in *International Equity Corp. v. Pepper and Tanner, Inc.,* 323 F.Supp. 1107, 1109 (E.D.Pa.1971), where he stated:
>
> > [F]rom a reading of § 1446(b), in its entirety, it becomes evident that it was the intent of Congress to obtain the earliest possible removal of the action to the Federal Court after *receipt,* by the defendant, of notice of the State proceeding, the nature of it, the issues involved and the parties involved so that, with this information, the defendant can determine the removability of the action. Given the opportunity to thus determine that it is removable, the defendant is obliged to file his petition within thirty days. Legal "service" is not required. The statute reads, "service or otherwise." ... It is sufficient that the pleading, amended pleading, motion, order or other paper be sufficient that the defendant can, from it, ascertain "that the case is one which is or has become removable."
>
> \*   \*   \*   \*   \*   \*
>
> The statute specifically reads "receipt by the *defendant,"* and the statute clearly does not require service. There is no basis, then, to assume that for purposes of § 1446, "service or otherwise" must have been made upon Mr. Hulhorst personally rather than upon any other responsible employee of the *defendant....* (emphasis in original)

 As in *Maglio,* Mr. Turner was an agent of the defendant corporation, authorized to receive the amended summons and complaint. Under § 1446(b), the time for removal commences to run when the agent of a corporation receives the complaint.

The petition for removal dated June 19, 1984 is late. It is four days outside the thirty-day period set forth in § 1446(b), the actual receipt of the amended summons and complaint by the agent for the corporation being May 16, 1984.

Accordingly,

### ORDER

IT IS ORDERED that plaintiff's motion to remand this case to the Dane County Circuit Court in Madison, Wisconsin is GRANTED.