**CONTICOMMODITY SERVICES, INC., Plaintiff,**

v.

**Stephen PERL, Defendant.**

**No. 87 C 571.**

United States District Court, N.D. Illinois, E.D.

April 8, 1987.

John K. Eggers, Chicago, Ill., for plaintiff.

Nathan H. Lichtenstein, James A. Smith, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

GETZENDANNER, District Judge:

Before the court is the plaintiff's motion to remand to state court this action against its former account executive. Alleging diversity of citizenship, the defendant

("Perl") removed the case on January 27, 1987, approximately one week after he was properly served. The plaintiff asserts that this removal was untimely given defendant's receipt of a copy of the complaint in October, 1986.[1] The defendant, in contrast, argues that the statutory period for removal commences upon proper service only.

Section 1446(b) of the removal statute mandates that a petition for removal of a civil action be filed:

> within thirty days after *the receipt by the defendant, through service or otherwise,* of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b) (emphasis added). The dispute before the court boils down to the proper meaning of the underlined phase, "through service or otherwise."

### The *Love* Position

Courts have split, about evenly as far as I can tell, in their interpretation of § 1446(b). Like the defendant, many courts follow the position articulated in

1. The defendant admits he received a copy of the complaint in March, 1986, but argues that the service was improper under Illinois law. See Def.Mot. to Quash Service and Perl Aff., attached as Exs. A & B of Pl.Mem. in Support of Motion to Remand. The plaintiff contends that service was proper and asks for a hearing on this question should the court deny the motion to remand.

2. The courts following *Love* claim to be the clear majority view. *See Love,* 542 F.Supp. at 67. *Hunter v. American Express Travel Related Services,* 643 F.Supp. 168, 170 (S.D.Miss.1986). My review of the cases suggests the claim to be overstated.

3. *Skinner v. Old Southern Life Ins. Co.,* 572 F.Supp. 811 (W.D.La.1983), which the defendant cites in support of its position, claims to follow *Love* but concludes that "the words 'receipt by the defendant, through service or otherwise,' means receipt by service or some equivalent of service." 572 F.Supp. at 813. On the surface, these two propositions are contradictory. According to *Love,* service is a prerequisite to commencement of the removal period; there is

*Love v. State Farm Mutual Auto. Ins. Co.,* 542 F.Supp. 65 (N.D.Ga.1982) (courtesy copy of unserved complaint does not commence § 1446(b) period).[2] *See Goodyear Tire & Rubber Co. v. Fuji Photo Film Co., Ltd.,* 645 F.Supp. 37 (S.D.Fla. 1986) (receipt of complaint through "medium other than through legal process"); *Hunter v. American Express Travel Travel Related Services,* 643 F.Supp. 168 (S.D. Miss.1986) (service attempted but defective); *Thomason v. Republic Ins. Co.,* 630 F.Supp. 331 (E.D.Cal.1986) (defective service); *Quick Erectors, Inc. v. Seattle Bronze Corp.,* 524 F.Supp. 351 (E.D.Mo. 1981) (receipt of complaint other than through process); *Gibbs v. Paley,* 354 F.Supp. 270 (D.P.R.1973) (defective service); *Moore v. Firedoor Corp. of America,* 250 F.Supp. 683 (D.Md.1966) (defective service); *Potter v. McCauley,* 186 F.Supp. 146 (D.Md.1960) (receipt of filed complaint other than by service); *Rodriguez v. Hearty,* 121 F.Supp. 125 (S.D.Texas 1954) (defective service).

These cases stand for the proposition that the removal period commences on the date the defendant has been properly served pursuant to state law *and* has received a copy of the complaint "through service or otherwise."[3] The proposition is

no "equivalent of service." *Love,* 542 F.Supp. at 68 ("The Court concludes that the removal period ... cannot commence until a plaintiff *properly* serves defendant with process.") (emphasis added).

What *Skinner means,* as is apparent from its factual context, is that a distinction must be drawn between cases in which service is improper and those in which the initial pleading forwarded to the defendant is insufficient to apprise him of necessary facts. Skinner involved the latter situation. There, the plaintiff's attorney, prior to filing, had sent a copy of the complaint to defendant. Because this courtesy copy did not apprise the defendant of the date of filing, the defendant could not know how long he had to file for removal or, indeed, whether the complaint had been filed at all. *Id.,* 572 F.Supp. at 813. *See Campbell v. Associated Press,* 223 F.Supp. 151 (E.D.Pa.1963) (draft complaint submitted to defendant over five months prior to filing with court is not an initial pleading commencing period). Such informal posting of charges is obviously distinct from the filing (or attempted filing) of charges with a court of law.

grounded on two arguments, both of which are articulated in *Love,* but neither of which is persuasive to this court.

The first is premised on the legislative history of § 1446(b). As explained in *Thomason,*

> The "or otherwise" language was added to the statute in 1949. Before the relevant amendment, the statute read "within 20 days after commencement of the action or service or process, whichever is later." Pursuant to case law interpretation, the removal period could not begin until service of process was properly obtained. A problem arose in those states which allowed a plaintiff to commence a suit without filing a complaint. In such cases the removal period could expire before the defendant received a copy of the complaint. Defendant would have to decide whether to petition for removal before knowing what the suit was all about.
>
> Thus, Congress revised § 1446(b).... This change was intended to expand the removal period in states which allowed plaintiff to commence a suit without filing a complaint. Plaintiff is still required to properly serve defendant. The "or otherwise" language pertains only to those states where plaintiff can commence a suit without filing or serving initial pleading until some time later.

*Id.* 630 F.Supp. at 333–34 (internal citations omitted). *See also Love,* 542 F.Supp. at 67–68.

While Thomason's reading of the original purposes behind the 1949 amendments to § 1446(b) is confirmed by the house and senate reports on the bill, its conclusion that the removal period commences only upon proper service is not. Such an interpretation simply contravenes the clear and unambiguous wording of the statute. *See Kulbeth v. Woolnought,* 324 F.Supp. 908, 910 (S.D.Tex.1971) (proposition that complaint is "received" only after service per-

fected "can be sustained only by reading into the statute a provision which is not only not there but which Congress seems deliberately to have omitted"), *quoting Potter v. Kahn,* 108 F.Supp. 593 (S.D.N.Y. 1952); *General Beverage Sales Co. v. Zonin, S.p.A.,* 589 F.Supp. 846, 848 (W.D.Wis. 1984) *quoting Maglio v. F.W. Woolworth Co.,* 542 F.Supp. 39 (E.D.Pa.1982) ("The statute specifically reads 'receipt by the defendant,' and the statute clearly does not require service.") The Court of Appeals has recently reminded us that "the policy behind a statute and the statute itself need not be ... identical." *F.D.I.C. v. O'Neil,* 809 F.2d 350, 353 (7th Cir.1987). Given the language of § 1446(b), I think that this is such a case.

The second reason articulated by *Love* in support of its position suggests that a contrary holding would "diminish the right to removal by permitting a plaintiff to circumvent the already existing requirement of personal service through informal service." *Love,* 542 at 68; *Hunter,* 643 F.Supp. at 170 (citing *Love*). I believe this argument is flawed. Commencing the removal period upon receipt by the defendant of a copy of the initial pleading, rather than upon perfected service, in no way diminishes either the right to removal or to service. Whether a defendant removes to federal court or not, perfect service is necessary if the plaintiff is to maintain his action.[4] Although the requirements of perfect service may be somewhat more flexible in federal court than in some state fora, they can hardly be called "informal." *See* Fed.R. Civ.P. 4(c)(2)(C). Moreover, should a defendant wish to stand upon his right to the stricter state process rules, he may remain in the state forum and present a motion to quash there. It is difficult to see how this choice between state and federal service rules—which mirrors the procedural choices at stake in any decision to remove—tends to undercut the removal right.

---

4. *See* 1A *Moore's Federal Practice,* ¶ 0.168[3.–5–

3], at 581, n. 4 (1986) ("validity of service of

### The *Tyler* Position [5]

In contrast to *Love,* several courts have foresworn reading § 1446(b) as commencing upon proper service of process. *See Tyler v. Prudential Ins. Co.,* 524 F.Supp. 1211 (W.D.Pa.1981) ("the fact that service under state practice has not been perfected does not in and of itself prevent removal"); *Dial-In, Inc. v. ARO Corp.,* 620 F.Supp. 27 (N.D.Ill.1985) (Aspen, J.) ("Service of process does not control removal under 28 U.S.C. § 1446); *General Beverage Sales v. Zonin, S.p.A.,* 589 F.Supp. 846 (W.D.Wis. 1984); *Maglio v. F.W. Woolworth,* 542 F.Supp. 39 (E.D.Pa.1982); *Perimeter Lighting, Inc. v. Karlton,* 456 F.Supp. 355 (N.D.Ga.1978) (receipt of initial pleading controls removability, whether or not state procedures properly followed); *Int'l Equity Corp. v. Pepper and Tanner, Inc.,* 323 F.Supp. 1107 (E.D.Pa.1971); *Kulbeth v. Woolnought,* 324 F.Supp. 908, 910 (S.D. Tex.1971); *In re 73rd Precinct Station House,* 329 F.Supp. 1175 (E.D.N.Y.1971); *Barr v. Hunter,* 209 F.Supp. 476 (W.D.Mo. 1962); *French v. Banco Nacional de Cuba,* 192 F.Supp. 579 (S.D.N.Y.1961); *Richlin Adv. Corp. v. Central Florida Broadcasting Co.,* 122 F.Supp. 507 (S.D.N. Y.1954); *Potter v. Kahn,* 108 F.Supp. 593 (S.D.N.Y.1952).

The results in these cases may be justified on either of two grounds, although only the weaker of the two is usually discussed by the courts. That weaker argument is based on a different interpretation of the legislative history of § 1446(b). Under this view,

> The 1949 amendment sought to eliminate th[e] unfairness [of the interaction of the prior rule with diverse state procedures] by providing a time limit which would operate with a greater degree of uniformity throughout the federal system.... Thus, the key to the time for removal became actual or constructive

process may be challenged after removal").

**5.** Although *Tyler* was not the first case to articulate this view, other courts have referred to this position as such, and so shall I.

**6.** There, Professor Moore notes, that under § 1446(b), the removal petition must be filed

receipt by the defendant of the initial pleading setting forth the removable claim.

*French,* 192 F.Supp. at 580; see also *Tyler,* 524 F.Supp. at 1213 (§ 1446(b) subordinates diverse state practices under a uniform rule of practice). This position is also supported by the leading commentators. See Wright, Miller and Cooper, 14A, *Federal Practice and Procedure,* § 3732 at 513, 516 (1985) (approach which ignores technicalities of state law as to completion of service or process is both "practically desirable and perfectly consistent" with the purposes of the removal statute. *See also* 1A *Moore's Federal Practice,* ¶ 0.168[3.–5–3], at 577 (1986).[6]

The problem with this assertion of congressional intent, as with *Love* and its progeny, is that it claims too much. While the language of the statute does suggest a single national standard based upon notice, the congressional reports accompanying the 1949 amendment do not say that state service rules are irrelevant in determining commencement of the removal period. See 1949 *U.S.Code Cong.Serv.* at 1253–54 (S.Rep. No. 303), 1268 (H.R.Rep. No. 352); cf. *Potter v. McCauley,* 186 F.Supp. 146, 149 (D.C.Md.1960) (discussing operation of statute in four situations under *Love* approach). Rather, they simply express congressional desire to correct the problems that arose under the 1948 removal statute and repeat, more or less, the provision of the statute.

This ambiguity in (or, perhaps more accurately, absence of) legislative history does not compel rejection of the *Tyler* position. It is well-established that removal statutes are to be construed narrowly and against removal. *Shamrock Oil Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Illinois v. Kerr-McGee Chemical Corp.,* 677 F.2d 571, 576 (7th

"within a definite, fairly ascertainable, and relatively short time period under the standards stated therein; and, *unlike its predecessor, the amended paragraph does not refer to 'commencement of the action or service of process.'*" (emphasis added).

Cir.1982). *See Tyler*, 524 F.Supp. at 1213. This principle—when considered in light of the straightforward, unambiguous language of the statute and the absence or ambivalence of any congressional intent on the issue—presents the second and stronger argument in support of the *Tyler* holding. It also persuades this court that the plain meaning of the statute should be accepted as its legal meaning. *Cf. Love*, 542 F.Supp. at 67 ("Plaintiffs' argument ... is based directly on the language of the section 1446(a) [sic]. On the surface, there is much to recommend this argument.") I hold, therefore, that receipt of an initial pleading by the defendant, irrespective of the technicalities of state service of process law, begins the thirty-day countdown during which a removal petition must be filed.

With this standard established, the motion before the court is easily decided. The defendant's affidavit states that he returned home on March 10, 1986, to find a complaint and attached summons under his apartment door. *See* Mem. in Support of Motion to Remand, Ex. A at ¶ 3. His motion to quash service in the state court, which was never ruled on, made the same claim. *See id.*, Ex. B at ¶ 5. The plaintiff re-served Perl on January 6, 1987, and this petition to remove followed several weeks later.

From the prior discussion, the result here should be apparent. The removal petition was filed more than ten months after the defendant received notice of the action against him. Since there is no argument that this initial pleading insufficiently apprised Perl of facts which would enable him to make a knowing decision respecting removability, the motion to remand is granted.

It is so ordered.