William S. HARDING and wife, Sue Gayle Harding, Plaintiffs,

v.

**ALLIED PRODUCTS CORPORATION, Defendant.**

Civ. A. No. 88–1176.

United States District Court, W.D. Tennessee, E.D.

Jan. 4, 1989.

---

David S. Hessing of Hessing, Ventimiglia & Swayne, Paris, Tenn., for plaintiffs.

Charles L. Trotter, Jr., Huntingdon, Tenn., for defendant.

### ORDER GRANTING MOTION TO REMAND

TODD, District Judge.

Before the court is plaintiffs' motion to remand the above-styled cause to state court. The procedural posture of this case is as follows: On June 10, 1988, plaintiffs William S. Harding and Sue Gayle Harding

filed a complaint against the defendant Allied Products Corporation ("Allied") in the Circuit Court of Henry County, Tennessee. Although Allied, a Delaware corporation with its principal place of business in Chicago, Illinois, has a registered agent for service of process located in Chattanooga, Tennessee, plaintiffs served the defendant through the office of the Secretary of State, purportedly pursuant to T.C.A. section 20–2–215. The Secretary of State delivered the summons and complaint to Allied's divisional office in Selma, Alabama, where it was received on June 20, 1988. According to the affidavits of Allied employees in Selma, it was thought that the summons and complaint received there were merely informational copies, and that the original process had been received at corporate headquarters in Chicago.

On July 22, 1988, a default judgment was entered against the defendant. On August 9, 1988, Allied's general counsel at corporate headquarters learned of the default and obtained copies of the summons and complaint from the Selma office. On August 18, 1988, Judge Julian P. Guinn ruled that service of process was sufficient and proper, but set aside the default, giving Allied twenty days to file responsive pleadings. On September 30, 1988, Allied filed its petition for removal to this court, on diversity of citizenship grounds.

Plaintiffs seek remand to the state court on the grounds that the petition for removal was not filed within the thirty day time limit set out in 28 U.S.C. section 1446(b). The statute provides:

> The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Allied contends, notwithstanding the ruling of Judge Guinn, that it was never properly served with process under Tennessee law; therefore, it is argued, the thirty day period for removal has not begun to run. Allied relies upon *Love v. State Farm Mutual Automobile Ins. Co.*, 542 F.Supp. 65 (N.D.Ga.1982) and *Thomason v. Republic Insurance Co.*, 630 F.Supp. 331 (E.D.Cal. 1986), and cases in accord, which hold that the removal period begins to run on the date the defendant has both been properly served with process pursuant to state law, and has received a copy of the complaint. In other words, mere service of the summons is not sufficient if defendant has not been provided with a copy of the complaint. Likewise, a copy of the complaint without proper service of process also is not enough to commence the removal period.

■ Contrary to the position taken by *Thomason* and *Love*, many courts have held that service of process pursuant to state law is *not* necessary to trigger section 1446(b). Instead, the removal period commences on the date defendant actually receives a copy of the initial pleading, regardless of the technical sufficiency of process. *See Conticommodity Services, Inc. v. Perl*, 663 F.Supp. 27, 30 (N.D.Ill.1987) and cases cited therein, and *Tyler v. Prudential Ins. Co.*, 524 F.Supp. 1211 (W.D. Pa.1981).[1] The arguments for the two positions and the reasoning of the courts are thoroughly discussed in the leading cases, and will not be rehashed here. This court will merely state that it finds the position taken by *Tyler* and the cases following it to be the more persuasive. *Love* and its progeny read too much into ambiguous legislative history, and ignore the plain language of the statute, which says that a case shall be removed "within thirty days after the receipt by the defendant, *through service or otherwise,* of a copy of the initial pleading...."

■ Giving defendant every benefit of the doubt, it is undisputed that Allied's

---

1. As the court in *Conticommodity* noted, 663 F.Supp. at 28 n. 2, the courts following *Thomason* and *Love* claim to be the majority view, but a close inspection of the cases reveals the courts to be about evenly split on the subject. The courts of appeals have not addressed the issue.

general counsel received a copy of the summons and *complaint at the* Chicago headquarters on August 9, 1988. In order to be timely, a petition for removal would have to have been filed by September 8, 1988. Defendant's petition was not filed until September 30, 1988; therefore, it is untimely, and the motion to remand is hereby *granted.*

Accordingly, this action is remanded to the Circuit Court of Henry County, Tennessee.

IT IS SO ORDERED.