Lawrence J. Semenza Law Firm by J. William Ebert, Reno, Nev., for plaintiff.

Laura W. FitzSimmons, Carson City, Nev. and Michael S. Press, New York City, for defendants.

**PIC–MOUNT CORP., a Delaware corporation, Plaintiff,**

v.

**STOFFEL SEALS CORPORATION, a New York corporation; K–Seal, Inc., a Georgia corporation; Henry Katz; and Does I–XX, Defendants.**

No. CV–N–88–541–ECR.

United States District Court, D. Nevada.

March 2, 1989.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

Before this Court is a motion to remand filed in response to defendants' petition for removal. The issue before us is whether defendants' petition for removal was timely filed.

### PROCEDURAL AND FACTUAL BACKGROUND

On September 6, 1988, plaintiff filed its complaint in the First Judicial District Court in the State of Nevada in and for Carson City, alleging unfair competition and violations of the Lanham Act, 15 U.S.C. §§ 1051 et seq., § 1125(a), and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964. Plaintiff manufactures, distributes, markets, and sells cardboard and plastic slide mounts, slide boxes, and film processors; through its

Seary Manufacturing Division, plaintiff manufactures, markets, distributes, and sells slide mounters. Plaintiff alleges that defendants engaged in a scheme of deceptive marketing and utilization of trade secrets which was designed to put plaintiff out of business.

On September 10, 1988, Richard B. Foley, Vice President of plaintiff, personally furnished defendant Henry Katz with a copy of the complaint that had been filed in state court. "The copy of the complaint which I furnished to Mr. Katz indicated on its face that it had been filed in Carson City, Nevada, on September 6, 1988, and had the case number filled in." Affidavit of Richard B. Foley (Exhibit A, document #7). By affidavit, Mr. Katz acknowledges that he received a copy of the complaint on September 10, 1988. Katz Affidavit filed in Support of Defendants' Memorandum in Opposition to Plaintiff's Motion to Remand (document #14). Formal service of the summons and complaint was made on defendants Stoffel and K–Seal on September 21, 1988; defendant Katz was formally served with summons and complaint on September 23, 1988.

Defendants joined in a Petition for Removal, which was filed in this Court on October 18, 1988. The case is properly within the subject matter jurisdiction of this Court.[1] The issue presented is whether defendants' petition for removal was filed on time.

28 U.S.C. § 1446(b) provides:

> The petition for removal of a civil action or proceeding *shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading* setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. (emphasis added)

Plaintiff argues that because the petition for removal was filed more than thirty days after defendant Katz received a file stamped copy of the complaint, the petition is untimely. Defendant Katz received a copy of the complaint on September 10; therefore, plaintiff contends that the period within which to remove ended on October 10. Since the petition for removal was not filed until October 18, the petition is untimely. Plaintiff requests that the case be remanded to the appropriate state court.

Defendants argue that the thirty-day time period for removal does not start to run until after they have been formally served *and* received a copy of the complaint. They maintain that because formal service was not made on any defendant until September 21, the removal petition was timely because it was filed before October 21.

## DISCUSSION

■ In cases where there is more than one defendant, the time for removal begins to run after the *first* defendant receives, through service or otherwise, a copy of the initial pleading. All properly joined defendants must join in the petition for removal. Therefore, if the defendants receive their pleadings at different times, and the first defendant to receive a pleading fails to remove within 30 days, those defendants who receive pleadings later are foreclosed from removing. *Varney v. Johns–Manville*, 653 F.Supp. 839, 840 (N.D.Cal.1987); *Ortiz v. Gen. Motors Acceptance Corp.*, 583 F.Supp. 526, 529 (N.D.Ill.1984); *Balestrieri v. Bell Asbestos Mines, Ltd.*, 544

---

**1.** In their petition, defendants rely on 28 U.S.C. § 1332(a) as the basis for this Court's jurisdiction. 28 U.S.C. § 1332(a) sets out the requirements for diversity jurisdiction. However, the petition goes on to refer to two federal statutes, the Lanham Act and R.I.C.O., and states that "removal of this action is proper pursuant to 28 U.S.C. § 1441(b)." Petition for Removal, page 2. 28 U.S.C. § 1441(b) defines actions removable generally, and applies to actions removable under both diversity and federal question jurisdiction. By reference to the statutes, defendants imply federal question jurisdiction. Furthermore, defendants' Civil Cover Sheet, which is required to be filed with the petition, indicates that a federal question is the basis of our jurisdiction. Because jurisdiction appears to be proper on either ground, we find that the petition states a removable action.

F.Supp. 528, 530 (E.D.Pa.1982); *Quick Erectors, Inc. v. Seattle Bronze Corp.*, 524 F.Supp. 351, 354 (E.D.Mo.1981); *Transport Indemnity Co. v. Financial Trust Co.*, 339 F.Supp. 405, 409 (C.D.Cal.1972). *See also* 1A J. Moore & B. Ringle, Moore's Federal Practice ¶ 0.168 [3.–5–5] (2nd ed. 1987) ("[W]e believe that when the action as pleaded would be removable by all the joined defendants, the thirty-day period starts to run from the time of service on the first defendant who would have to be joined in the removal petition. (footnote: We use the shorthand term 'service' here to mean the happening of the event, such as receipt by defendant of the initial pleading, which starts the removal time running under § 1446(b).)")

If, as plaintiff argues, the thirty days began running when defendant Katz received a copy of the complaint, it is immaterial that "later-served" defendants Stoffel and K–Seal attempted removal within thirty days of *their* service. Because all defendants must join in the petition for removal, removal is precluded as to all defendants if the "first-served" defendant, Katz, did not remove in time.

There are two lines of cases that define the event necessary to trigger the thirty-day removal period. The split of authority reflects two interpretations of the "through service or otherwise" language of section 1446(b). One approach, set forth in *Love v. State Farm Mutual Auto. Ins. Co.*, 542 F.Supp. 65 (N.D.Ga.1982), requires service which conforms to state law *and* receipt of a copy of the complaint "through service or otherwise" before the removal period is commenced. The other line of cases follows *Tyler v. Prudential Ins. Co.*, 524 F.Supp. 1211 (W.D.Pa.1981), which interprets the language in section 1446(b) to mean that receipt of the initial pleading *alone* will trigger the removal period. Although the Ninth Circuit has recognized these two divergent interpretations, it has not adopted one over the other. *See Gari-*

*baldi v. Lucky Food Stores, Inc.*, 726 F.2d 1367, 1368–69 n. 1 (9th Cir.1984). Therefore, our decision will be based upon our analysis of the two approaches.

THE LOVE APPROACH

The position articulated in *Love*, which the defendant encourages us to follow, is based upon a reading of the legislative history of section 1446(b). While followed by a good many courts, this position is neither the majority view, nor does it underlie a trend in recent case law.[2] Cases espousing the *Love* position include *Goodyear Tire & Rubber Co. v. Fuji Photo Film Co.*, 645 F.Supp. 37 (S.D.Fla.1986) (removal period did not begin after receipt of complaint through "medium other than through legal process"); *Hunter v. Am. Express Travel Related Servs.*, 643 F.Supp. 168 (S.D.Miss.1986) (service attempted but defective); *Thomason v. Republic Ins. Co.*, 630 F.Supp. 331 (E.D.Cal.1986) (defective service); *Quick Erectors* 524 F.Supp. at 354 (receipt of complaint other than through process); *Skinner v. Old S. Life Ins. Co.*, 572 F.Supp. 811 (W.D.La.1983); *Gibbs v. Paley*, 354 F.Supp. 270 (D.P.R. 1973) (defective service); *Moore v. Firedoor Corp. of America*, 250 F.Supp. 683 (D.Md.1966) (defective service); *Potter v. McCauley*, 186 F.Supp. 146 (D.Md.1960) (receipt of filed complaint other than by service); *Rodriguez v. Hearty*, 121 F.Supp. 125 (S.D.Texas 1954) (defective service).

These cases generally stand for the proposition that the removal period begins only after the defendant receives a copy of the initial complaint "through service or otherwise," *and* is properly served according to state law. This proposition is founded on two arguments, both of which are set out in the *Love* opinion, but neither of which is persuasive to this Court.

In *Love*, plaintiffs filed their complaint in state court on March 19, 1982. That same day, plaintiffs' attorney sent defendant a copy of the complaint; the copy, however,

**2.** Our research indicates that the cases are about evenly split between the two approaches, with the most recent decisions tilting the balance in favor of the *Tyler* approach. *See, e.g., Harding v. Allied Prod. Corp.*, 703 F.Supp. 51 (W.D.Tenn. 1989); *Beckley, Singleton, DeLanoy, Jemison & List, Chartered, v. Spademan*, 694 F.Supp. 769 (D.Nev.1988); *Conticommodity Serv. Inc. v. Perl*, 663 F.Supp. 27 (N.D.Ill.1987).

contained no docket number and no indication of when, if at all, it had been filed in the state court. This letter was received on March 22, 1982. Defendant filed its petition for removal on May 17, 1982. The court found that formal service of process was not obtained as of thirty days before defendant removed its action.

In holding that defendants removal was timely,[3] the *Love* court first examined the 1939 amendment to section 1446. As explained in *Thomason,*

The "or otherwise" language was added to the statute in 1949. Before the relevant amendment, the statute read, "within 20 days after commencement of the action or service of process, whichever is later." Pursuant to case law interpretation, the removal period could not begin until service of process was properly obtained. A problem arose in those states which allowed a plaintiff to commence a suit without filing a complaint. [New York was such a State.] In such cases the removal period could expire before the defendant received a copy of the complaint. Defendant would have to decide whether to petition for removal before knowing what the suit was all about.

Thus, Congress revised § 1446(b) to permit removal "within 30 days after the receipt by defendant, through service or otherwise, of a copy of the initial pleadings." This change was intended to expand the removal period in states which allowed plaintiff to commence a suit without filing a complaint. Plaintiff is still required to properly serve defendant. The "or otherwise" language pertains only to those states where plaintiff can commence a suit without filing or serving initial pleading until sometime later. For those states, the removal period begins whenever defendant receives a copy of the initial pleading. The "or otherwise" does not mean that receipt of

the initial pleading without proper service will trigger the removal period.

*Thomason,* 630 F.Supp. at 333–34 (citations omitted); *see also Love,* 542 F.Supp. at 67–68.

While *Thomason's* explanation of the purposes behind the amendment is consistent with the house and senate reports on the bill, its conclusion that the "or otherwise" language is intended only for those states following the "New York rule" is not. Whatever the congressional impetus for the amendment, if Congress had intended to require service, in all circumstances, or limit the "or otherwise" language to application in certain states, it surely could have written the statute explicitly to achieve that result. By continuing to require service of process, in addition to defendant's receipt of the complaint, *Love* and its progeny impose prerequisites to removal that section 1446(b) does not. These prerequisites contravene the clear and unambiguous wording of the statute. *See Kulbeth v. Woolnought,* 324 F.Supp. 908, 910 (S.D.Tex.1971) (proposition that complaint is "received" only after service perfected "can be sustained only by reading into the statute a provision which is not only not there but which Congress seems deliberately to have omitted"), *quoting Potter v. Kahn,* 108 F.Supp. 593 (S.D.N.Y. 1952); *Gen. Beverage Sales Co. v. Zonin S.P.A.,* 589 F.Supp. 846, 848 (W.D.Wis. 1984) ("The statute specifically reads 'receipt by the defendant,' and the statute clearly does not require service.") *quoting Maglio v. F.W. Woolworth Co.,* 542 F.Supp. 39 (E.D.Pa.1982).

The second reason articulated in *Love* suggests that failing to require formal service would "diminish the right to removal by permitting a plaintiff to circumvent the already existing requirement of personal service through informal service." *Love,*

---

**3.** Our holding today that the removal period begins after defendant receives a copy of the initial pleading would produce the same result in *Love,* but for different reasons. The complaint received in *Love* was "unconformed," i.e., it was not file stamped or dated. It did not inform defendant that an action had been filed, and therefore defendant could not reasonably ascertain whether the cause was removable. Without that information, the paper received by the defendant arguably was not a "pleading;" therefore, since defendant had not received a true pleading, the condition precedent for triggering the removal period had not occurred.

542 F.Supp. at 68; *Hunter,* 643 F.Supp. at 170 (citing *Love*). We concur with the court in *Conticommodity Serv. v. Perl,* 663 F.Supp. 27, 29 (N.D.Ill.1987) that this argument is unpersuasive. The fact that removal requirements are not identical to state service requirements in no way allows a plaintiff to engage in "chicanery" by subverting service requirements or the right to remove. "Whether a defendant removes to federal court or not, perfect service is necessary if the plaintiff is to maintain his action." *Id.* When deciding whether to remove defendants often must weigh a number of federal and state procedural differences. However, these differences do not undercut the removal right or subvert state service requirements.

THE TYLER APPROACH

In contrast to the *Love* position, many courts have followed the *Tyler* approach, which is based on a more literal reading of section 1446(b). *Tyler,* 524 F.Supp. at 1211 (W.D.Pa.1981) ("the fact that service under state practice has not been perfected does not in and of itself prevent removal"). *See Harding v. Allied Prod. Corp.,* 703 F.Supp. 51 (W.D.Tenn.1989) (adopting *Tyler* approach); *Beckley, Singleton, DeLanoy, Jemison & List, Chartered v. Spademan,* 694 F.Supp. 769 (D.Nev.1988) (removal period began upon receipt of initial pleading, though service was defective); *Kirby v. Omi Corp.,* 655 F.Supp. 219 (M.D. Fla.1987) (receipt by defendant of complaint, although not adequate service, began removal period because defendant "was able intelligently to determine" that cause was removable); *Conticommodity* 663 F.Supp. at 27 (receipt of initial pleading begins removal period, irrespective of technicalities of state service of process law); *Dial–In, Inc. v. ARO Corp.,* 620 F.Supp. 27 (N.D.Ill.1985) (service of process does not control removal under 28 U.S.C. § 1446); *General Beverage,* 589 F.Supp. at 846; *Maglio,* 542 F.Supp. at 39; *Perimeter Lighting, Inc. v. Karlton,* 456 F.Supp. 355 (N.D.Ga.1978) (receipt of initial pleading controls removability, whether or not state procedures properly followed); *Int'l Equity Corp. v. Pepper & Tanner, Inc.,* 323 F.Supp. 1107 (E.D.Pa.1971); *Kulbeth,* 324

F.Supp. at 910; *In re 73rd Precinct Station House,* 329 F.Supp. 1175 (E.D.N.Y. 1971); *Barr v. Hunter,* 209 F.Supp. 476 (W.D.Mo.1962); *French v. Banco Nacional de Cuba,* 192 F.Supp. 579 (S.D.N.Y.1961); *Richlin Adv. Corp. v. Cent. Florida Broadcasting Co.,* 122 F.Supp. 507 (S.D.N. Y.1954); *Potter,* 108 F.Supp. at 593.

These cases do not require formal service of process before commencement of the removal period. Rather, "receipt" by defendant of an initial pleading will trigger the thirty-day period, provided that the pleading contains sufficient information from which the defendant can ascertain that the action is removable. *See, e.g., Int'l Equity,* 323 F.Supp. at 1109 (pleading should contain "notice of the State proceeding, the nature of it, the issues involved and the parties involved so that, with this information, the defendant can determine the removability of the action").

Two grounds may justify the *Tyler* approach. One is an alternative interpretation of the legislative history of section 1446(b). Under this view,

> The 1949 amendment sought to eliminate th[e] unfairness [of the interaction of the prior rule with diverse state procedures] by providing a time limit which would operate with a greater degree of uniformity throughout the federal system.... Thus, the key to the time for removal became actual or constructive receipt by the defendant of the initial pleading setting forth the removable claim.

*French,* 192 F.Supp. at 580; *see also Tyler,* 524 F.Supp. at 1213 (§ 1446(b) subordinates diverse state practices under a uniform rule of practice.)

As the *Conticommodity* court points out, reliance on this interpretation of congressional intent may be misplaced.

> "While the language of the statute does suggest a single rational standard based upon notice, the congressional reports accompanying the 1949 amendment do not say that state service rules are irrelevant in determining commencement of the removal period. Rather, they simply ex-

press congressional desire to correct the problems that arose under the 1948 removal statute and repeat, more or less, the provision of the statute."

*Conticommodity,* 663 F.Supp. at 30 (citations omitted).

■ The second, and firmer ground upon which to rely when following the *Tyler* approach is the well established rule that removal statutes are to be construed strictly and against removal. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir.1979). When considering this principle in light of the straightforward, unambiguous language of the statute, and the absence or ambivalence of any congressional intent on the issue, we are persuaded that the plain meaning of the statute should be accepted as its legal meaning. Therefore, we hold that the defendant's receipt of an initial pleading begins the thirty-day removal period, irrespective of the technicalities of state service of process laws.

Applying this standard to the case at hand leads to easy resolution of plaintiff's motion for remand. Defendant Katz received a copy of the complaint on September 10. This copy was not "unconformed" as was the complaint in *Love,* but contained the docket number and date on which it had been filed in state court. The complaint contained sufficient information from which Katz could ascertain removability. Because defendants' removal petition was not filed until October 18, eight days after the removal period ended, it was untimely.

IT IS, THEREFORE, HEREBY ORDERED that plaintiff's motion for remand is *GRANTED.* The Clerk shall enter judgment accordingly.