**ESTATE OF Ruth P. BARATT, Plaintiff,**

v.

**PHOENIX MUTUAL LIFE INSURANCE COMPANY, Defendant.**

**No. CIV–92–6044T.**

United States District Court, W.D. New York.

March 16, 1992.

Norman J. Baratt, pro se.

William S. Brandt, Nixon, Hargrave, Devans & Doyle, Rochester, N.Y., for defendant.

## DECISION AND ORDER

TELESCA, Chief Judge.

## INTRODUCTION

This is an action for breach of contract, fraud, and bad faith refusal to pay benefits allegedly due under an insurance contract. Defendant filed a notice of removal in this Court on January 30, 1992, pursuant to 28 U.S.C. §§ 1332 and 1441(a). Plaintiff now moves to remand this action to state court on the grounds that removal was untimely.

## BACKGROUND

On December 9, 1991, Bruce Anglin, a process server hired by the plaintiff, served a summons with notice on Susan J. Simmons who was employed by the defendant, Phoenix Mutual Life Insurance Company, at its office on Elmwood Avenue in the Town of Brighton. In his supplemental affidavit of service, sworn to on January 28, 1992, the process server stated that

upon entering the offices of Phoenix Mutual Life Insurance Company, December 9, 1991, at approximately 2:55 p.m., deponent asked the receptionist to meet with an officer of said corporation. At 2:56 p.m. [Susan] Simmons appeared and stated that she was the office manager and highest ranking agent of defendant, who Simmons stated was physically headquartered outside of the State of New York. Deponent asked Simmons if she was an authorized agent for service and she responded in the affirmative and recalled her acceptance of legal service previously on unrelated litigation. At 2:57 p.m. Simmons was served the within summons and complaint.

(Affidavit of Atty. Baratt, sworn to on February 10, 1992, Exhibit A).

On January 23, 1992, plaintiff served a copy of the summons with notice on the New York State Insurance Department. Defendant received the summons with notice from the Insurance Department on or about January 27, 1992. On January 15, 1992, Phoenix had received a complaint in this action in response to its demand for the same. On January 30, 1992, defendant filed a notice of removal in this Court. (Defendant's Notice of Removal, ¶ 2).

In conjunction with its opposition to this motion, defendant has filed the affidavit of Susan J. Simmons, the individual upon whom process was served. Ms. Simmons states that since July of 1991 she has been employed by the defendant on a part time basis as a receptionist. According to her affidavit, her duties include greeting people who come to the office, typing, opening and

sorting mail, answering telephones, and reviewing insurance applications to determine whether they are complete. (Affidavit of S. Simmons, sworn to on February 24, 1992, ¶ 1) (hereinafter Simmons Aff., ¶ —). She states that on December 9, 1991,

> [a] man came to the Phoenix Mutual offices shortly before 3:00 p.m. The man asked if this was Phoenix Mutual, and I answered yes. He then said, 'I have a summons.' My colleague, Marty Cocca, then came out to my desk. I, or Marty Cocca, asked whether we had to sign for it. He said, 'No, all you have to do is take it.' At that point, he asked my name and left a document with me.

(Simmons Aff., ¶¶ 4–5). Ms. Simmons denies that she ever stated that she was an authorized agent for service, explaining that she does not know what that term means. (Simmons Aff., ¶ 8).

Ms. Simmons' affidavit is supported by the sworn statement of Martha Cocca, secretary to a Phoenix Mutual Life agent. She states in her affidavit that she was present for most of the conversation and confirms that the process server never asked if either of them were agents authorized to accept service. (Affidavit of Martha A. Cocca, sworn to on February 24, 1992, ¶¶ 5–8). In response to these affidavits, plaintiff submits an attorney's affidavit and a *copy* of a supplemental affidavit of service signed by the process server, Bruce Anglin, on January 28, 1992—more than a month and a half after he served the summons and notice on Susan Simmons. To date, plaintiff has not submitted an original signed affidavit of Bruce Anglin supporting his statements in the copy of the supplemental affidavit of service.

### DISCUSSION

Removal of actions to federal court is governed by 28 U.S.C. § 1446(b), which provides that

> the notice of removal of a civil action or proceeding shall be filed within thirty

days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth a claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Plaintiff argues that the original service was proper, and therefore that the removal period should run from December 9, 1991. Moreover, plaintiff contends that even if initial service was improper, § 1446 does not require proper service in order for the 30–day removal period to begin to run.[1] Thus, plaintiff urges the Court to remand this action to state court on the grounds that removal was untimely. Defendant, on the other hand, argues that removal was timely in this case because the 30–day removal period did not commence until it received the properly served summons on January 27th.

### A. *Validity of December 9, 1991 Service:*

 After carefully reviewing the affidavits supplied by the parties, I conclude that the defendant was not properly served on December 9, 1991, as the plaintiff contends. New York C.P.L.R. § 311(1) provides that service on a corporation may be made

> to an officer, director, managing or general agent, or cashier or assistant cashier, or to any other agent authorized by appointment of law to receive service.

Here, plaintiff contends that Susan Simmons was a managing agent within the meaning of section 311(1). It is clear, however, that under New York law, a managing agent must be "some person invested by the corporation with general powers involving the exercise of judgment and discretion," and not someone with a solely clerical function. *Taylor v. Grannet State Provident Ass'n*, 136 N.Y. 343, 346, 32

---

1. At oral argument, plaintiff stated that a Western District of New York case, *Village of Wellsville v. Atlantic Richfield Co.*, 608 F.Supp. 497 (Curtin, J., W.D.N.Y.1985), supported this position. In fact, that case does not even address the issue of whether service must be proper. Instead, that case held that a summons and notice (properly served) could constitute an initial pleading for purposes of removal. *Id.* at 499.

N.E. 992 (1893); *Colbert v. International Security Bureau, Inc.,* 79 A.D.2d 448, 454–55, 437 N.Y.S.2d 360 (2d Dept.1981).

Susan Simmons is a part-time receptionist employed by the defendant. She is not authorized to accept service for her employer and it is evident from her affidavit that she did not tell the process server that she was so authorized. (Simmons Aff., ¶ 8). The process server's affidavit provided by the plaintiff does not convince me otherwise. It is not an original affidavit and, moreover, it was not made until January 28, 1992—more than a month and a half after Susan Simmons was "served." A process server who serves 400 to 500 sets of papers a year on corporations and individuals in the Rochester area may not recall the exact circumstances surrounding service of a summons and notice a full month and a half after it was served. (*See* Plaintiff's Reply Memorandum in Support of Remand, at 7). Accordingly, this court concludes that the December 9, 1991 service was improper and invalid.

### B. *Commencement of the 30–Day Removal Period:*

■ The only remaining question is, whether under 28 U.S.C. § 1446(b), the 30–day removal period is triggered when the defendant receives a summons and complaint (or notice) regardless of whether service was proper, or whether *proper* service is a prerequisite to commencement of the 30–day removal period.

The Second Circuit has not considered this issue, and courts which have addressed it seem to be evenly divided as to whether proper service is required. *See Conticommodity Services, Inc. v. Perl,* 663 F.Supp. 27 (N.D.Ill.1987). The *Conticommodity* line of cases holds that the 30–day removal period begins to run when the defendant receives a copy of the summons and complaint, regardless of whether the defendant was properly served. *Conticommodity,* 663 F.Supp. at 30–31; *Dawson v. Orkin Exterminating Co.,* 736 F.Supp. 1049, 1053 (D.Colo.1990). These courts reason that the language "thirty days after the receipt by the defendant, through service or other-

wise," added to section 1446(b) in a 1949 amendment,

> sought to eliminate th[e] unfairness [of the interaction of the prior rule with diverse state procedures] by providing a time limit which would operate with a greater degree of uniformity throughout the federal system ... [making] the key to the time for removal [the] actual or constructive receipt by the defendant of the initial pleading setting forth the removable claim.

*Dawson,* 736 F.Supp. at 1053 (quoting *Conticommodity,* 663 F.Supp. at 30). Further, they reason that because the removal statute must be construed narrowly, and the statute is "straightforward and unambiguous," the proper conclusion is that the removal period is triggered by "receipt of an initial pleading by the defendant, irrespective of the technicalities of state service of process law." *Dawson,* 736 F.Supp. at 1053 (quoting *Conticommodity,* 663 F.Supp. at 30–31).

I am not persuaded by this reasoning, and instead that proper service is a prerequisite to commencement of the removal period. *E.g., Love v. State Farm Mutual Automobile Insurance Co.,* 542 F.Supp. 65, 68 (N.D.Ga.1982). Moreover, I am not convinced that following the rationale of *Dawson* and *Conticommodity* would result in "a greater degree of uniformity throughout the federal system."

Those district courts requiring proper service have held that Congress added the "or otherwise" language to § 1446(b) in order to *expand* the removal period in states which allowed a plaintiff to commence a lawsuit without filing a complaint. *E.g., Hunter v. American Express Travel Related Services,* 643 F.Supp. 168 (S.D.Miss.1986); *see also,* 28 U.S.C. § 1446, Revision Notes (1949 Act). The "through service or otherwise" language "was not intended to diminish the right to removal" by permitting a plaintiff to avoid state service requirements. *See Love,* 542 F.Supp. at 68. In fact, the Revision Notes suggest that Congress was trying to *protect* the right of removal while simultaneously preserving adherence to State service require-

ments. *See* 28 U.S.C. § 1446, Revision Notes (1949 Act). To conclude that the "or otherwise" language permits a plaintiff to *ignore* the technical service requirements is simply inconsistent with legislative intent behind the 1949 amendment. *See id.*

Finally, this court rejects the notion that reliance on receipt instead of proper service would result in a greater degree of uniformity in the federal system. First, I note that it would do so at the expense of state service rules which are in place to assure that the defendant receives notice sufficient to satisfy notions of due process and fair play. Second, it would essentially reward plaintiffs for effecting improper service. The "or otherwise" language of section 1446(b) was not intended to permit a plaintiff to substitute informal or improper service for the traditional requirements of personal service. *Love,* 542 F.Supp. at 68. Finally, and perhaps most importantly, it would not provide the clearest rule. Collateral litigation would surely result from arguments over whether the defendant "actually or constructively," received papers which were improperly served. *See Dawson,* 736 F.Supp. at 1053. The simplest and fairest route is to hold that the removal period is not triggered until there has been proper service.

### CONCLUSION

Given my conclusion that the December 9, 1991 service of papers upon Susan Simmons, an individual not authorized to accept service on behalf of the defendant, was improper, I conclude that that event did not trigger the 30–day removal period. Instead, the time in which to remove this diversity action to federal court did not commence until January 27, 1992, the date on which the defendant received proper service. Accordingly, removal was timely and plaintiff's motion to remand is denied.

ALL OF THE ABOVE IS SO ORDERED.