**John ROTHWELL, Plaintiff,**

v.

**Gerald E. DURBIN II and Durbin, Larimore & Bialick, Defendants.**

**No. 94–4200–RDR.**

United States District Court, D. Kansas.

Dec. 22, 1994.

Ernest C. Ballweg, Overland Park, KS, for plaintiff.

Steven B. Moore, Watson & Marshall L.C., Olathe, KS, David E. Larson, Watson & Marshall L.C., Kansas City, MO, for defendants.

## MEMORANDUM AND ORDER

ROGERS, Senior District Judge.

This is a legal malpractice action which was removed to this court from the state district court of Franklin County, Kansas. Plaintiff's motion for remand, defendants' motion for summary judgment, and plaintiff's motion for time to respond to defendants' motion for summary judgment are currently pending before the court. We decline defendants' suggestion that the court rule upon the motion for summary judgment before deciding the motion for remand. We believe the motion for remand has merit and for the following reasons shall direct that this case be remanded back to the state district court.

This case was filed in the District Court of Franklin County, Kansas on July 15, 1994. In the motion for remand, plaintiff contends that on July 21, 1994, a file-stamped copy of the petition was mailed by regular mail to defendant Gerald E. Durbin at the law firm of Durbin, Larimore & Bialick in Oklahoma City, Oklahoma. Defendants have not denied this allegation or claimed that a copy of

the petition was not received a few days after July 21, 1994 in the ordinary course of the mails. In their opposition to the motion for remand, defendants allege that they were formally served with the petition on September 23, 1994. This has not been denied by plaintiff. The notice of removal in this action was filed on October 21, 1994.

The statute controlling removal provides:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

Plaintiff contends that remand is warranted because the notice of removal was not filed within 30 days of the date that defendant Durbin received a file-stamped copy of the complaint sent by regular mail on July 21, 1994. Defendants contend that the notice of removal was timely because it was filed within 30 days of the date of service.

There is a split of authority as to whether the 30–day period to file a notice of removal begins to run from the date of service of the complaint (or petition), or from the date of receipt of a copy of the complaint (or petition).

A number of district courts have held that only "service" complying with all technical rules of state law starts the clock under § 1446(b). E.g., *Baratt v. Phoenix Mutual Life Insurance Co.,* 787 F.Supp. 333 (W.D.N.Y.1992); *Hill v. Boston,* 706 F.Supp. 966 (D.Mass 1989); *Hunter v. American Express Travel Related Services,* 643 F.Supp. 168 (S.D.Miss.1986); *Thomason v. Republic Insurance Co.,* 630 F.Supp. 331 (E.D.Cal.1986); *Love v. State Farm Mutual Automobile Casualty Co.,* 542 F.Supp. 65 (N.D.Ga.1982). A goodly number of other district courts have held that § 1446(b) means what it says. E.g., *Mermelstein v. Maki,* 830 F.Supp. 180 (S.D.N.Y.1993); *Trepel v. Kohn, Milstein, Cohen & Hausfeld,* 789 F.Supp. 881

(E.D.Mich.1992); *Schwartz Bros., Inc. v. Striped Horse Records,* 745 F.Supp. 338 (D.Md.1990); *Dawson v. Orkin Exterminating Co.,* 736 F.Supp. 1049 (D.Colo. 1990); *Harding v. Allied Products Corp.,* 703 F.Supp. 51 (W.D.Tenn.1989); *Conticommodity Services, Inc. v. Perl,* 663 F.Supp. 27 (N.D.Ill.1987); *Tyler v. Prudential Insurance Co.,* 524 F.Supp. 1211 (W.D.Pa.1981).

*Roe v. O'Donohue,* 38 F.3d 298, 303 (7th Cir.1994). In addition to the above-collected case citations, we note that two circuit courts have sided with the "receipt standard" as has Judge Lungstrum of this district. *Id.; Tech Hills II Associates v. Phoenix Home Life Mutual Ins. Co.,* 5 F.3d 963, 966–68 (6th Cir.1993); *Wickham v. Omark Industries, Inc.,* 1993 WL 393012 (D.Kan. 9/28/93).

▪ After consideration of these cases and the arguments of counsel, the court shall adopt the "receipt standard" to govern the instant matter. We assume (since it has not been denied) that defendant Durbin received a copy of the petition "through service *or otherwise*" shortly after it was mailed on July 21, 1994. Applying the "receipt standard," defendants had thirty days to file the notice of removal. But, the notice of removal was not filed until October 21, 1994. The failure to timely file a notice of removal normally requires remand to the state court. *First National Bank & Trust Co. v. Nicholas,* 768 F.Supp. 788, 790 (D.Kan.1991). Here, there is no reason to refuse to enforce the statutory time requirements for removal.

Therefore, the court shall grant plaintiff's motion for remand and direct that this case return to the state district court in Franklin County, Kansas. Since the attempted removal was untimely, plaintiff is entitled to his choice of a state court forum. We will not disturb that choice or make an unnecessary decision construing state law by ruling upon defendants' motion for summary judgment. Defendants' motion for summary judgment and plaintiff's motion for an extension of time to respond thereto shall be considered moot.

**IT IS SO ORDERED.**