William A. LUCE and Marie Luce

v.

**LLOYD'S OF LONDON.**

Civ. A. No. 5:94–311.

United States District Court,
D. Vermont.

Nov. 21, 1994.

Thomas W. Costello, Brattleboro, VT, for plaintiffs.

Charles Platto, Brooks, McNally, Whittington, Platto & Vitt, Norwich, VT, Jonathan Dryer, Wilson, Elser, Moskowitz, Edelman & Dicker, Philadelphia, PA, for defendant.

### ORDER

BILLINGS, Senior District Judge.

On November 4, 1994, Plaintiffs William A. Luce and Marie Luce motioned to remand this action to Windham County, Vermont Superior Court. Plaintiffs claim that remand is required because the untimely filing of the Notice of Removal rendered improper the removal of the case from state to federal court. Defendant has objected to the Motion to Remand, claiming that any delay in filing the removal notice was caused by Plaintiffs' failure to name the correct defendant, and by Plaintiffs' refusal to provide information that would help Defendant's agent identify the correct defendant.

Lloyd's of London is an unincorporated organization located in London, England. Lloyd's is comprised of individuals who associate in groups known as syndicates. Although it is not an actual insurer, Lloyd's does permit its members to write insurance policies in a number of countries, including the United States. The actual insurance cov-

erage is provided by the member syndicates, whose practices are regulated by Lloyd's.

Plaintiffs are residents of the Town of Rockingham, Vermont. Plaintiff held an insurance policy issued by a Lloyd's syndicate that was in effect between November 1, 1990 and November 1, 1991. On August 11, 1991, Plaintiffs' minor child was killed in an automobile accident with an uninsured driver. Plaintiffs sued Lloyd's on the insurance contract, claiming that they were entitled to coverage under an Uninsured Motorist Insurance Endorsement. Defendant denies that the policy entitles Plaintiffs to coverage.

On September 8, 1994, Plaintiffs served the Summons and Amended Complaint on Defendant via substituted service on the Vermont Secretary of State. On September 9, 1994, the Vermont Secretary of State sent the Summons and Amended Complaint via certified mail to Bernard Caesar, Esq, whom the Defendant had named in the policy as its agent for service of process.[1] Caesar was personally served with the Summons and Amended Complaint on September 13, 1994.

On September 14, 1994, Caesar wrote to Plaintiffs' counsel and acknowledged the receipt of the Summons and Amended Complaint. Caesar maintained that, due to the many underwriting syndicates that comprise Lloyd's, the Complaint failed to provide him with enough information to allow him to determine the identity of the defendant. Caesar requested further information both in the letter and in several subsequent telephone conversations. Defendant alleges that Plaintiffs did not provide information sufficient to identify the proper defendant until September 27, 1994. On October 24, 1994, Defendant filed its Answer and Notice of Removal.

■■■ The dispositive question is whether the October 24 Notice of Removal was timely. Under the governing statute,

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

28 U.S.C. § 1446(b). "The time limitations in Section 1446 are mandatory and must be strictly construed." 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3732 at 527 (2d Ed.1985). The thirty day period allowed for removal is mandatory, and remand is required if the deadline is not met. *See, e.g., Royal v. State Farm Fire & Cas. Co.,* 685 F.2d 124, 127 (5th Cir.1982); *Antares Oil Corp. v. Jones,* 558 F.Supp. 62, 62 (D.Colo. 1983); *Balestrieri v. Bell Asbestos Mines, Ltd.,* 544 F.Supp. 528, 529 (E.D.Pa.1982).

Plaintiffs contend that since Caesar received the Summons on September 13, the thirty day period allowed for removal must commence on that date. Since Defendant did not file its Notice of Removal until October 24, Plaintiffs argue that the filing was eleven days late. Therefore, Plaintiffs conclude, removal is barred and the case must be remanded to state court.

Defendant concedes that they did, in fact, designate Caesar to serve as their agent for service of process, and that Caesar was served on September 13. However, Defendant maintains that the September 13 service did not actually provide notice to the proper

---

1. The policy unambiguously identifies Caesar as the agent for service of process. Under the section entitled "Service of Suit," the policy provides:

> (S)ervice of process in such suit may be made upon Bernard Caesar, Esq, 111 Broadway, New York, New York 12006.... Bernard Caesar is authorized and directed to accept service of process on behalf of insurers in any such suit.

Additionally, the policy clearly authorized the Vermont Secretary of State to treat Caesar as Defendants' agent for service of process:

> Further, pursuant to any statute of any state, territory or district of the United States which makes provision therefore, insurers hereon hereby designate the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office, as their true and lawful attorney upon whom it may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the insured or any beneficiary arising out of this contract of insurance and designate Bernard Caesar as the person to whom the said officer is authorized to mail such process or a true copy thereof.

"defendant" as the statute requires. Defendant's position is that the correct defendant is not Lloyd's, but rather is the syndicate of underwriters that actually provided the insurance. Defendant contends that the improper naming of Lloyd's as a defendant, in conjunction with the subsequent refusal of Plaintiffs' counsel to divulge pertinent information, prevented the syndicate from receiving service until September 27. Because the proper defendant was served on September 27, Defendant concludes, the October 24 Notice of Removal was timely, and remand to state court would be improper.

The Court finds Defendant's argument faulty on both the law and the facts. It is well established that, for purposes of Section 1446, "(i)t is sufficient that the notice of the lawsuit be received by anyone authorized to accept process for the defendant." Wright, Miller & Cooper, *supra*, at 513–14. *See also Cooperman v. Board of Educ. of Hillside Township*, 577 F.Supp. 52, 54 (D.N.J.1983) (delivery of complaint to person authorized to accept service satisfies § 1446(b)); *Maglio v. F.W. Woolworth Co.*, 542 F.Supp. 39, 41 (E.D.Pa.1982) (under § 1446(b), time for removal begins to run when agent of corporation receives the complaint). Whether the insurer (and thus the proper Defendant) was Lloyd's or the syndicate, the express terms of their own insurance contract clearly authorized Caesar to accept service of legal process on their behalf. When Caesar received service on September 13, he did so as the expressly authorized agent for the insurer, whether that insurer was Lloyd's or the syndicate. Since Caesar was authorized by the Defendant insurer to accept service for legal proceedings, the thirty day clock under Section 1446 began to run when Caesar actually received service on September 13.

Defendant further argues that, even if Caesar did receive notice on September 13, Plaintiffs should be estopped from remanding the case because Plaintiffs' own conduct hindered Caesar's ability to inform the syndicate of the suit. The Court is not persuaded. While we do not approve of uncooperative behavior between counsel, the fact remains that Defendant designated Caesar as its agent for service of process. Plaintiffs served the person named by the Defendant in Lloyd's own policy, and provided Defendant with the insurance policy number. The burden of identifying the correct internal syndicate of Lloyd's then fell on Defendant and its properly served agent. It appears disingenuous for the Defendant to seek to nullify a service of process that was accomplished in precisely the way that the Defendant itself specified. Defendant's estoppel claim is therefore rejected.

Based upon the foregoing, the Court finds that Defendant, by and through its agent Caesar, received service of process on September 13, 1994. Defendant's October 21 Notice of Removal was therefore untimely under 28 U.S.C. § 1446(b), and this case must be remanded to the Superior Court of Vermont.

Court hereby GRANTS Plaintiffs' Motion to Remand, and Further ORDERS that this case be remanded to the Windham County, Vermont Superior Court.

SO ORDERED.