Beatrice P. ALLING, Trustee
of The Beatrice P. Alling
Trust, Plaintiff,

v.

C.D. CAIRNS IRREVOCABLE TRUSTS
PARTNERSHIP and Mobil Oil
Corporations, Defendants.

No. 2:95–CV–35.

United States District Court,
D. Vermont.

May 25, 1995.

Thomas E. McCormick, McCormick, Fitzpatrick & Mertz, Burlington, VT, for plaintiff.

Richard F. Peterson, Jr., Spokes, Foley & Peterson, Burlington, VT, for defendant C.D. Cairns Irrevocable Trusts Partnership.

Julian R. Goodrich, Goodrich & Rice, Montpelier, VT, for defendant Mobil Oil Corp.

## OPINION AND ORDER

FRED I. PARKER, Chief Judge, Sitting by Designation.

This matter is before the Court on Defendant C.D. Cairns Irrevocable Trusts Partnership ("Cairns") Motion to Remand this action to Chittenden Superior Court. For the reasons stated briefly below, the Motion is denied.

Plaintiff Beatrice P. Alling ("Alling") originally filed this interpleader action in Chittenden Superior Court on December 23, 1994. In the suit, Alling seeks a declaratory judgment defining the legal rights of the two Defendants with regard to a parcel of land Alling wishes to sell and both Defendants have offered to buy. It is undisputed that Alling and Cairns are both legal citizens of Vermont and that Mobil is a corporate citizen of New York. Therefore, at least as pleaded, there would not appear to be complete diversity in this case.

At the time Alling filed this suit, Alling's attorney mailed copies of the summons and complaint to Vermont attorneys representing both Mobil and Cairns. Cairns acknowledged receipt on December 28, 1994. Mobil, through Mobil's Vermont legal counsel, Goodrich & Rice of Montpelier, acknowledged receipt thirteen days later, on January 10, 1995. Mobil filed its Notice of Removal twenty-one days after this acknowledgment, on February 1, 1995. Mobil's attorney also attached a letter, addressed to the Clerk of Court, arguing that actual diversity warranting federal jurisdiction exists in this case due to the adverse legal interests of the two defendants. Mobil's attorney stated he would file a legal memorandum briefing the Court on this issue, "within the next two weeks."

On February 27, 1995, Defendant Cairns filed the Motion to Remand now before this Court. Cairns argues that this case was improperly removed for three reasons. First, Cairns asserts that, being a citizen of Vermont, it is not diverse from Plaintiff Alling, also a Vermont citizen. Second, Cairns argues that, in multi-defendant cases, all of the defendants must either join a notice of removal or signal to the Court their acquiescence to that removal for removal to be effective. Third, Cairns alleges that Mobil did not timely file its Notice of Removal.

Mobil failed to file its promised legal memorandum in support of removal until March 24, 1995. This is over five weeks after Mobil stated it would file a memorandum and, more significantly, nearly two weeks after the time required under Local Rule 5(a)(2) to file a memorandum opposing Cairns motion. Nevertheless, this Court finds that justice requires consideration of the merits of Mobil's arguments opposing remand. However, Mobil's attorney in this matter is advised to file all further papers before this Court in a prompt and timely manner.

Under 28 U.S.C. § 1446(b), Notice of Removal must be filed within thirty (30) days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." Numerous federal courts have interpreted the "through service or otherwise" language to mean actual or constructive notice as well as service perfected as required under state law. These courts have ruled that state law requirements for perfection of service are irrelevant to determining when the 30–day time limit for removal begins. *See Gates Construction v. Koschak,* 792 F.Supp. 334, 336 (S.D.N.Y.1992); *Schwartz Bros., Inc. v. Striped Horse Records,* 745 F.Supp. 338, 340 (D.Md.1990); *Conticommodity Serv., Inc. v. Perl,* 663 F.Supp. 27 (N.D.Ill.1987); *Tyler v. Prudential Ins. Co.,* 524 F.Supp. 1211, 1213 (W.D.Pa.1981). *See also,* 14A Wright, Miller & Cooper *Federal Practice and Procedure* § 3732 at 516 (1985). However, this view of the statutory language is by no means unanimous. *See Estate of Baratt v. Phoenix Mut. Life Ins. Co.,* 787 F.Supp. 333, 336–7 (W.D.N.Y.1992).

In *Baratt,* the District Court held that both prudence and compelling policy concerns warranted a more restrictive interpretation of the "through service or otherwise" language. The court there held that the time limit for removal would commence only after service of the initial pleadings had been perfected under state law. This Court is persuaded by the reasoning set forth in *Baratt.*

In Vermont, the 30–day time limit for removal begins when service is perfected, which, under Vermont R.Civ.P. 4(*l* ), only occurs when service is acknowledged or accepted. As stated above, this Court looks to perfection of service under state law to determine the commencement of the time limit for removal. Mobil filed its Notice of Removal on February 1st, twenty-two days after acknowledging receipt of process. Therefore, Mobil's Notice of Removal was timely filed.

The facts of this case amplify the wisdom of *Baratt*'s more restrictive interpretation requiring perfection of service under state law. Here, Cairns argues that the thirty-day time limit for removal began prior to Mobil's January 10th acknowledgement of service. Cairns offers the fact that Cairns acknowledged service on December 28th to suggest that Mobil had actual notice of the suit at approximately the same time. Cairns argues that this Court should adopt Cairns' speculation that Mobil's Vermont attorney also received notice of Alling's suit on December 28th and must, therefore, remand the suit because Mobil filed its Notice of Removal two days too late. This Court simply will not entertain such speculation, especially where it concerns the timeliness of service mailed and allegedly received at the height of the Christmas holiday season.

To hold otherwise would be "at the expense of state service rules which are in place to assure that the defendant receives notice sufficient to satisfy notions of due process and fair play." *Baratt*, 787 F.Supp. at 337. Vermont's acknowledgement of service requirement provides a far clearer rule which, as it is now adopted by this Court, should foreclose further litigation surrounding the "through service or otherwise" language before this Court.

The Court next turns to Cairns diversity argument. It is a well-established principle of law that diversity among litigants is not to be determined merely by the form of the pleadings, but rather must be established according to the actual legal interests of the parties.

"Whether the necessary 'collision of interest' ... exists is therefore not to be determined by mechanical rules. It must be ascertained from the 'principle purposes of the suit.'" *Indianapolis v. Chase National Bank*, 314 U.S. 63, 69, 62 S.Ct. 15, 17, 86 L.Ed. 47 (1941).

In this interpleader, it is clear that the true collision of interests lies between Cairns and Mobil, the two potential purchasers of Alling's property. Alling is merely the formal plaintiff in this matter and, as such, may be disregarded for purposes of determining diversity. *See,* Wright, Miller & Cooper, *Federal Practice and Procedure,* § 3723. Therefore, there is complete diversity of citizenship between the two parties of interest, Cairns and Mobil.

Once the parties have been realigned according to their legal interests, it is clear that Cairns' third argument against removal also fails. Although it is true that all defendants must either join in a notice of removal or otherwise signal their acquiescence to such removal for removal to be effected, realignment negates the privity between Cairns and Mobil as defendants. Therefore, Mobil's Notice to Remove did not require either Cairns' approval or acquiescence. This matter is properly before this Court, there being complete diversity among the parties of interest in this cause of action, and having been timely removed from Chittenden Superior Court.

For all of the foregoing reasons, Cairns' Motion to Remand (Paper 13) is DENIED.