**NORTHERN SECURITY INSURANCE COMPANY, plaintiff,**

**v.**

**MITEC TELECOM, INC., Defendant.**

No. 2:98–CV–19.

United States District Court,
D. Vermont.

May 6, 1998.

---

Bruce Calvert Palmer, Downs, Rachlin & Martin, St. Johnsbury Offices, St. Johnsbury, VT, for Northern Sec. Ins. Co.

Samuel Hoar, Jr., Shapleigh Smith, Jr., Dinse, Knapp & McAndrew, P.C., Burlington, VT, Sheila D. Jones, Cutler & Stanfield, Washington, DC, Sandy K. Feldman, New York, NY, for Mitec Telecom, Inc.

## OPINION AND ORDER

SESSIONS, District Judge.

Plaintiff Northern Security Insurance Company ("Northern Security") moves this Court to reconsider or alternately to grant permission to appeal the Court's decision in its Opinion and Order filed March 18, 1998 (Paper 16), denying Plaintiff's motion for remand. For the following reasons, Plaintiff's motion is denied.

Northern Security sought remand on the grounds that Defendant Mitec Telecom, Inc. ("Mitec") filed an untimely Notice of Removal under 28 U.S.C. § 1446(b). This statute provides that notice of removal to federal court should "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading..." *Id.* The timeliness of Mitec's filing hinges on whether the thirty-day time limit is triggered when the defendant receives a copy of the initial pleading (the "receipt rule"), or when the plaintiff perfects service of process on the defendant (the "perfected service rule"). This Court, following the law of this District as stated in *Alling v. C.D. Cairns Irrevocable Trusts Partnership*, 889 F.Supp. 768 (D.Vt.1995), found that the period for removal began upon perfected service of process and that no such service had been made on Mitec. Thus, Mitec had timely filed its notice of removal.

Northern Security asks the Court to reconsider its ruling, given that the receipt rule is the majority rule among the courts to have addressed the issue. The Second Circuit has not yet ruled on this question. Northern Security argues that under the receipt rule the removal period began either when Mitec's American counsel received a courtesy copy of the Complaint on November 14, 1997, or when a bailiff in Quebec spoke with two Mitec employees and left a copy of the Complaint at the reception desk of a Mitec factory on December 11, 1997. Mitec filed its notice of removal on January 20, 1998.

The Court declines the request to alter its interpretation of 28 U.S.C. § 1446(b). While the perfected service rule may not be the majority viewpoint at present, it is the law of this District. The Court concurs with the reasoning in *Alling* which found the perfected service requirement an appropriate reading of the statute and "far clearer" than the receipt rule. *Alling*, 889 F.Supp. at 770. This rule employs an already-existing procedure, service of process, designed to ensure that defendants were alerted to their need to respond. In contrast, the receipt rule necessitates frequent elaboration as to what constitutes "receipt." As a result, courts may have to hold evidentiary hearings or indulge in speculation regarding when or whether a pleading was received. The perfected service rule is the more sensible choice.

Even the receipt rule would be unavailing for Plaintiff in this case, though.

First, Mitec did not receive the pleading when a courtesy copy of the Complaint was transmitted to Mitec's American counsel. Counsel was not an authorized agent of Mitec and he alerted Northern Security of that fact. "As a general rule, a complaint is considered received by a corporation when it is received by an agent authorized to accept service of process." *Tech Hills II Associates v. Phoenix Home Life Mut. Ins. Co.,* 5 F.3d 963, 968 (6th Cir.1993). *See Murphy v. Allora,* 977 F.Supp. 748 (E.D.Va.1997) (no receipt by individual defendant where pleading was sent to insurance agent and its attorney, because neither one was defendant's authorized agent); *Luce v. Lloyd's of London,* 868 F.Supp. 625, 627 (D.Vt.1994) (since corporate defendant expressly authorized attorney to accept service, thirty day time limit began to run when attorney "actually received service").

Second, as for the attempted service in Quebec, the bailiff left the pleading at the reception desk in a Mitec factory. The receptionist and an employee on hand gave the bailiff the name and location of Mitec's authorized agent, whose office was a mile away. They also informed the bailiff that the agent was apparently out of the office on that day. In certain situations, a corporation could be faulted for attempting to thwart service through resistance or deception. On the other hand, authorized agents exist for a reason, and a plaintiff should not be free to drop a pleading in the hands of any corporate employee.

The circumstances of this case give no indication that Mitec was attempting to evade service. The bailiff simply refused to deliver the Complaint to Mitec's authorized agent, his office, or even his building; instead the bailiff left the pleading behind in the factory. This act did not result in receipt. *See, e.g., Tech Hills,* 5 F.3d at 968 (receipt occurred not upon Saturday delivery of pleading to security guard who was not an authorized agent of corporation, but once the pleading reached an authorized agent on the following Monday); *Pillin's Place, Inc. v. Bank One, Akron, N.A.,* 771 F.Supp. 205, 208 (N.D.Ohio 1991) (receipt was made by corporate defendant where plaintiff did not just give pleading to a "random" corporate employee, but to the manager of the department out of which the litigation arose).

Under either interpretation of 28 U.S.C. § 1446(b), then, Northern Security is not entitled to remand. As a result, Plaintiffs' Motion for Reconsideration or, Alternatively, Motion for Permission to Appeal (Paper 20) is DENIED.