**W. Stevens HIDEY, Plaintiff,**

v.

**WASTE SYSTEMS INTERNATIONAL, INC., et al., Defendants.**

**Waste Systems International, Inc., Plaintiff,**

v.

**Charles E. Howell, Jr., et al., Defendants.**

**Civil Action Nos. JFM–99–1558, JFM–99–1454.**

United States District Court, D. Maryland.

July 28, 1999.

no difference in his sentence since anything over 1.5 kilograms results in the highest base offense level of 38.

Stephen C. Wilkinson, Cumberland, MD, W. Stevens Hidey, Cumberland, MD, for plaintiff.

Margaret Scott Izzo, Ralph N. Albright, Jr., Morgan, Lewis & Bockins, Washington, DC, for defendant.

## MEMORANDUM

MOTZ, Chief Judge.

Waste Systems International, Inc. ("WSI") is a solid waste management company. On December 24, 1998, WSI and Charles E. Howell, Jr. entered into a letter outlining the parties' intent to reach a definitive legal agreement whereby WSI was to purchase certain assets from Howell. The letter of intent required WSI to deposit $1,750,000 with W. Stevens Hidey.

On December 24, 1998, WSI, Howell, and Hidey executed an escrow agreement pursuant to which Hidey was to hold WSI's deposit until one of four things happened. If the parties entered into a definitive legal agreement that closed, the deposit was to be applied as a credit to the purchase price. If the parties entered into a definitive legal agreement that did not close solely as a result of WSI's breach, Howell was to receive the deposit as liquidated damages. If the parties entered into a definitive legal agreement that did not close for any reason other than WSI's sole breach, or if the parties failed to enter

into a definitive legal agreement, WSI was to be refunded the deposit.

Hidey subsequently received adverse claims to the deposited money from WSI and Howell. On May 21, 1999, WSI filed Civil Action No. JFM–99–1454 in this Court against Hidey, Howell, and Hidey, Coyle & Monteleone, Chartered ("Hidey/Coyle"), Hidey's law firm. On May 27, 1999, Hidey filed an interpleader action in the Circuit Court for Allegany County against WSI, Howell, and several individuals and entities related to Howell.[1] WSI removed that action to this Court where it has been assigned Civil Action No. JFM–99–1558.

WSI is a Delaware corporation with its principal place of business in Massachusetts. Hidey, Hidey/Coyle, Howell, Howell Trucking, The Queen City Leasing Co., Brian Howell, Beth Leake, and Chalin are all citizens of Maryland. West Virginia Container Services, Christopher Howell, and Howell Sanitation are citizens of West Virginia.

The Howell parties have moved to remand the removed action to the Circuit Court for Allegany County. Howell has also moved to dismiss or, in the alternative, to stay the action filed by WSI in this court. Hidey/Coyle has moved to dismiss that action.[2] For the reasons stated below, the motion to remand will be denied, Howell's motion to dismiss will be granted in part and denied in part, and Hidey/Coyle's motion to dismiss will be held in abeyance pending a report from counsel.

I.

I will first address the Howell parties' motion to remand Civil Action No. JFM–99–1558. It is undisputed the amount in controversy in this case exceeds $75,000. However, diversity actions cognizable in federal court but filed in state court may be removed from state court "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). As pleaded, six of the nine defendants are Maryland citizens.

WSI asks the Court to realign the parties so that the Howell parties are considered plaintiffs while WSI remains as the only defendant. *See St. Paul Fire & Marine Ins. Co. v. Croker, Inc.,* 21 F.Supp.2d 537, 540 (D.Md.1998) (first step in analyzing jurisdiction is to align the parties according to their interests). Determining the proper alignment of the parties entails two steps. *See United States Fidelity & Guar. Co. v. A & S Mfg. Co.,* 48 F.3d 131, 133 (4th Cir.1995) (adopting "principal purpose" test). "First, the court must determine the primary issue in the controversy. Next, the court should align the parties according to their positions with respect to the primary issue." *Id.*

The primary issue in this case is determining entitlement to the interpleaded funds. It is clear that WSI's and Howell's competing claims to the funds make it appropriate to realign these parties opposite one another. *See Alling v. C.D. Cairns Irrevocable Trusts Partnership,*

1. The related Howell parties are Howell Trucking, The Queen City Leasing Company, West Virginia Container Service, Christopher E. Howell, Brian Arthur Howell, Beth Ann Leake, Chalin, and Howell Sanitation. They were not parties to the escrow agreement, but may have been third-party beneficiaries thereto.

2. WSI has filed a motion to consolidate the two actions. The Howell parties oppose that motion solely on the ground that the interpleader action is not "pending before the Court" for purposes of Fed.R.Civ.P. 42(a) because it was improperly removed from state court. Since I am holding to the contrary, I will grant the motion to consolidate.

In addition, in light of my consolidation ruling, I need not reach the merits of Howell's argument in his motion to dismiss Civil Action No. JFM–99–1454 that the non-signatory Howell parties are necessary parties pursuant to Fed.R.Civ.P. 19(a), because they are now parties to the consolidated action. Similarly, Howell's motion to stay that case pending the resolution of the interpleader action in state court is moot.

889 F.Supp. 768, 770 (D.Vt.1995) (defendants in interpleader realigned as having competing legal interests for purposes of diversity analysis). The non-signatory Howell parties purport to be third-party beneficiaries of the escrow agreement and are appropriately aligned with Howell against WSI. Hidey served as a mere depository for the funds and, therefore, is a nominal party who has no interest in the outcome of the litigation. Accordingly, his citizenship is not considered for purposes of determining the existence of diversity jurisdiction. *See Birnbaum v. SL&B Optical Ctrs., Inc.*, 905 F.Supp. 267, 270–71 (D.Md.1995). Thus, as realigned, complete diversity exists between Howell and the non-signatory Howell parties on one hand, and WSI on the other.

This realignment, however, solves only one-half of the problem. The proper designation of the parties as plaintiff(s) and defendant(s) must still be decided. This designation is critical because if the Howell parties remain defendants, removal would be improper. *See* 28 U.S.C. § 1441(b).

There is a dearth of case law on the issue of determining the proper designation of realigned parties. Here, the parties each argue that because the opposing side claims entitlement to the funds, the opposing side should be designated as the plaintiff. Both sides, of course, claim entitlement to the funds and under traditional markers could each therefore be deemed to be the plaintiff. Thus, any inquiry along this line ultimately is futile. There is, however, an alternative approach to the question which is both realistic and just. Very simply, the realigned parties should be positioned so that their rights are the same as they would have been had they

not been artificially aligned as co-defendants in the interpleader action. Under this test it is clear that WSI should be designated as the defendant since it would have had the right of choosing to proceed in federal court regardless of which party first filed suit. If the Howell parties initiated litigation as plaintiffs in state court, WSI would have had the right to remove the action to federal district court. 28 U.S.C. § 1441. If WSI initiated legal action, it could have properly done so in federal district court. 28 U.S.C. § 1332. WSI's preference to proceed in this Court should, therefore, be honored, and it will be deemed the realigned defendant.[3]

## II.

In Civil Action No. JFM–99–1454 WSI has asserted a claim for breach of contract against Howell. Howell has moved to dismiss this claim under Fed. R.Civ.P. 12(b)(6).[4] Since WSI attached to its complaint the allegedly breached escrow agreement, I may examine the agreement in determining whether WSI's allegations can state a claim for breach of contract. *See Fayetteville Investors v. Commercial Builders. Inc.*, 936 F.2d 1462, 1464–65 (4th Cir.1991).

WSI has failed to state a claim against Howell under the plain meaning of the escrow agreement. The agreement provides that Hidey was to hold $1,750,000, deposited by WSI, until either WSI and Howell entered into a definitive legal agreement or negotiations broke down. If the transaction closed, the deposit was to be applied by Howell to the purchase price. If it did not close due solely to WSI's breach, the deposit was to be provided to Howell as liquidated damages. If the transaction did not close for any other

---

3. I also note that Hidey was Howell's lawyer in the underlying transaction and that he instituted his suit in the Allegany County Circuit Court after WSI instituted its action in this court. These facts underscore the unfairness that would result from permitting WSI's right to proceed in federal court to be abrogated.

4. Although the complaint contains only one count, WSI also seeks a declaration of its rights vis-a-vis Howell, Hidey, and Hidey/Coyle. I do not understand Howell to be challenging this aspect of the complaint by its 12(b)(6) motion.

reason, the deposit was to be refunded to WSI. In the event the parties failed to enter into the agreement, the deposit was to be refunded to WSI.

In its complaint, WSI alleges that the parties did not enter into the anticipated agreement and, therefore, it is entitled to a refund of the deposit. WSI requested that Hidey return the deposit. When Hidey received a competing claim to the funds from Howell, Hidey filed an interpleader in state court. WSI's one count complaint alleges that Howell breached the escrow agreement by "instructing Hidey to refuse to release the Deposit and preventing WSI from exercising its legal rights under the Escrow Agreement to obtain its $1,750,000 deposit, together will all interest accrued thereon."

WSI's complaint fails to state a breach of contract claim against Howell because the contract allegedly breached does not impose any obligation upon Howell with regard to the release of the deposit. There are no allegations that Hidey was acting under the control of, or agent for, Howell when Hidey decided to file an interpleader rather than refund WSI's deposit. WSI may be entitled to a refund of its deposit, but it will not be because Howell made a competing demand for the funds. There is simply nothing in the escrow agreement imposing a duty on Howell not to make a claim for the deposited funds. Accordingly, WSI's breach of contract claim against Howell will be dismissed.

### III.

WSI's complaint also names Hidey/Coyle as a defendant. Hidey/Coyle has moved to dismiss WSI's action on the grounds that it was not a party to the escrow agreement and, therefore, cannot be bound thereunder. It would not seem that it can be said that, as a matter of law, WSI would be unable to establish that Hidey was acting on behalf of Hidey/Coyle when he became the escrow agent. Indeed, he signed the agreement as the firm's president and deposited the funds in the firm's trust account. However, it is my understanding, based upon a conversation with counsel during a recent scheduling conference, that WSI is not seeking any affirmative relief either against Hidey or Hidey/Coyle, but joined them as parties because they were holding the escrow funds. Those funds have since been deposited in court. Therefore, I will hold Hidey/Coyle's motion to dismiss in abeyance and request counsel for WSI to advise me on or before August 3, 1999, if they consent to the dismissal of Hidey and Hidey/Coyle as defendants in Civil Action No. JFM–99–1454.

A separate order effecting the rulings made in this memorandum is being entered herewith.

### ORDER

For the reasons stated in the memorandum entered herewith, it is on this 28th day of July, 1999,

ORDERED that

1. Charles E. Howell, Jr.'s motion to dismiss Civil Action No. JFM–99–1454, or in the alternative, to stay proceedings is granted in part and denied in part;

2. WSI's breach of contract claim against Charles E. Howell, Jr. in Civil Action No. JFM–99–1454 is dismissed;

3. Ruling on Hidey, Coyle & Monteleone's motion to dismiss Civil Action No. JFM–99–1454 is deferred;

4. Howell Trucking, The Queen City Leasing Company, West Virginia Container Service, Charles E. Howell, Jr., Christopher E. Howell, Brian Arthur Howell, Beth Ann Leake, Chalin, and Howell Sanitation's motion to remand Civil Action No. JFM–99–1558 is denied;

5. Waste Systems International's motion to consolidate is granted; and

6. Civil Action Nos. JFM–99–1454 and JFM–99–1558 are consolidated for all purposes.