**COUNTY COMMISSIONERS OF WORCESTER COUNTY, MD, Plaintiff**

v.

**Clarence Mark TINGLE and Sheila Marie Carroll, Defendants.**

**Civil No. AMD 08–1138.**

United States District Court, D. Maryland.

May 27, 2008.

John E. Bloxom, Bloxom and Weilbacher LLC, Pocomoke City, MD, for Plaintiff.

Jason Edward Rheinstein, Semmes Bowen and Semmes, Baltimore, MD, for Defendants.

## MEMORANDUM OPINION

ANDRE M. DAVIS, District Judge.

Plaintiff County Commissioners of Worcester County, Maryland, instituted this interpleader action in the District Court of Maryland for Worcester County against defendants Clarence Mark Tingle and Sheila Marie Carroll. The case arose from a theft investigation by the Worcester County Sheriff. In the course of the investigation, the Sheriff came into possession of 23 duck decoys/carvings, which in the aggregate are said to have a value of about $16,650. When the investigation concluded without the institution of criminal charges, the Sheriff faced competing claims to the property from defendants Tingle and Carroll. Accordingly, the County Attorney filed an interpleader action. The property remains in the custody of the Sheriff.

Defendant Tingle is a citizen of Delaware; defendant Carroll is a citizen of Maryland, as is plaintiff, County Commissioners of Worcester County. Carroll retained counsel in Baltimore, who timely filed a Notice of Removal. The Notice of Removal asserts, and a Memorandum of Law requested by the court and filed by Carroll elaborates why, from Carroll's perspective, the federal statutory interpleader provision, 28 U.S.C. § 1335, permits removal of this case, pursuant to 28 U.S.C. § 1441, inasmuch as, indisputably, the court would have had original jurisdiction over a § 1335 interpleader action had

Worcester County elected to bring the case in federal court rather than in state court.[1]

Many state interpleader actions are successfully removed to federal court on the basis of diversity of citizenship, and courts have not hesitated in those cases to (1) disregard the citizenship of the stakeholder/plaintiff and/or (2) realign the claimant/defendants so as to avoid the prohibition on removal of a diversity case by an in-state defendant and/or to "create" complete diversity, post-removal. *See, e.g., Hidey v. Waste Systems International, Inc.,* 59 F.Supp.2d 543 (D.Md.1999). Here, Carroll could not remove the case on the basis of diversity of citizenship because (1) complete diversity is lacking; (2) she is an in-state defendant; and (3) the value of the disputed property ($16,650) is far below the $75,000 jurisdictional requirement.

One could certainly speculate as to the reasons a litigant would remove a case such as this. Carroll is a resident of Annapolis, Maryland, and, as mentioned, her attorney is in Baltimore. Thus, perhaps for them, it is simply a matter of litigation convenience. Tingle, on the other hand, is a resident of Fenwick Island, Delaware, a stone's throw away from the state courthouse in Worcester County on Maryland's Eastern Shore. Certainly, it would not be convenient for Tingle to come to Baltimore for court proceedings. Perhaps even more fundamental, Tingle's attorney, whose office is located in Worcester County, has written to this court to say that he is not a member of the Bar of this court and he will not seek admission to the Bar of this court for this case. Thus, if the case re-

---

1. Section 1335 provides for original subject matter jurisdiction in an interpleader action where the value of the disputed property exceeds $500 and with minimal, rather than complete, diversity of citizenship. *See* 28 U.S.C. § 1335. This so-called "statutory interpleader" may be contrasted with so-called

"rule interpleader" under Fed.R.Civ.P. 22, as to which the minimum amount in controversy and diversity requirements are those of the diversity statute, 28 U.S.C. § 1332. *See generally Fed. Ins. Co. v. Tyco Int'l Ltd.,* 422 F.Supp.2d 357, 393–97 (S.D.N.Y.2006).

mains in this court, Tingle will be required to hire successor counsel or to proceed *pro se.*

 Whatever the facts may be underlying the rather odd decision to remove this case, subject matter jurisdiction is clearly lacking. A small handful of district courts seems to have permitted removal of a state interpleader action where complete diversity was lacking on the theory that the action could have been filed in federal court in the first instance pursuant to 28 U.S.C. § 1335. Nevertheless, I am persuaded by Judge Kara's thoughtful examination of the issue that removal is not permitted in circumstances such as those presented here and that this court lacks subject matter jurisdiction for lack of complete diversity. *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F.Supp.2d 357, 393–97 (S.D.N.Y. 2006);[2] *see also Mt. Shasta Title and Escrow Co. v. Pennbrook Homes,* 2008 WL 191292 (E.D.Cal. Jan. 22, 2008)(following *Tyco*); *Juneau v. Dumas,* 2007 WL 609162 (E.D.La. Feb. 22, 2007)(same). In any event, as Judge Kara recognized, *Tyco Int'l Ltd.,* 422 F.Supp.2d at 397, in light of the longstanding principles that (1) doubts as to the propriety of removal in a given case are to be resolved against removal; and (2) that the removal statute is to be strictly construed, remand clearly is appropriate here. *Maryland Stadium Authority v. Ellerbe Becket, Inc.,* 407 F.3d 255, 260 (4th Cir.2005) ("We are obliged to construe

removal jurisdiction strictly because of the 'significant federalism concerns' implicated.... Therefore, '[i]f federal jurisdiction is doubtful, a remand [to state court] is necessary.' ") (citing *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir.1994)(brackets in original)). An order follows.

---

**2.** Judge Kara concluded as follows, in part:

The Second Circuit does not appear to have addressed this issue. While other courts do not appear to have adopted a clear majority rule, the balance of authority suggests that a party may not remove a case that could have originally been brought in federal court under § 1335 where there is not complete diversity. *See* 14 Wright, Miller & Cooper § 3636, at 78–79 ("It also remains true that interpleader actions brought under state law and then removed to federal court must satisfy the requirements of rule interpleader, including complete diversity

of citizenship."). Accordingly, there are substantial doubts about whether Twin City can remove, pursuant to § 1441, based on its claim of original jurisdiction under the federal interpleader statute.
422 F.Supp.2d at 395. The court also relied, in part, on the failure of the interpleader plaintiff to deposit funds in the registry of the court, which in the Second Circuit, is deemed a jurisdictional requirement under 28 U.S.C. § 1335. *Id.* at 396–97. The court considered but declined to permit a "jurisdictional cure," i.e., a belated deposit, to the deposit requirement. *Id.*